145 So.2d 291 (1962)
George P. PETELER, Appellant.
v.
Catherine Deal PETELER, Appellee.
No. 62-81.
District Court of Appeal of Florida. Third District.
October 9, 1962.
Petition for Rehearing Stricken October 29, 1962.
Franks & Gordon, Miami, for appellant.
Yates & Fann, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
*292 BARKDULL, Judge.
In this appeal, the appellant [who was the defendant in the trial court] seeks review of certain provisions of a final decree granting a divorce to his wife, the appellee, together with the custody of the minor children of the parties subject to his reasonable rights of visitation, the awarding to her of certain of the husband's properties because of a special equity found therein, alimony, support, and various other provisions which will hereinafter be more particularly discussed.
From this record, it is obvious that the chancellor was required to exercise a great deal of patience and discretion in view of the activities of the parties to this cause. He rendered a lengthy final decree, reciting his findings of fact and adjudicated not only the divorce, custody rights, support and alimony, but settled certain property rights between the parties. On this appeal, the husband has raised five points: First, as to the reasonableness of the alimony, plus the requirement of the husband to pay all medical expenses in excess of $50.00 per year for the wife. Second, the awarding of the residence of the parties [title to which was held in an estate by the entireties] to the wife upon the finding by the chancellor that the wife had special equities in certain properties and businesses owned by the husband, contending that this was nothing more than a "lump sum" award of alimony. Third, the continuance in force of a ne exeat bond. Fourth, the award of attorneys' fees. And fifth, the awarding of a lien in favor of the wife against all business interests of the husband and enjoining him from disposing of any business interest without leave of court.
The points raised will be discussed in order. As to the first, it appears that the award of $200.00 per month to the wife as alimony and the award of $120.00 per month for each of the minor children is appropriate under the facts revealed by this case, and will enable the wife to maintain the minor children in the manner and style in which the husband maintained them during the marriage, it appearing that he has the ability to continue this mode of living. See: Knox v. Knox, 159 Fla. 128, 31 So.2d 161; Klein v. Klein, Fla.App. 1960, 122 So.2d 205; 10 Fla.Jur., Divorce, § 166; 27A C.J.S. Divorce § 236(1). The requirement that the husband be responsible for all the children's medical bills in excess of $50.00 per year is an appropriate obligation of a father. However, it is not a continuing obligation of a former husband to pay a former wife's medical expenses ad infinitum and without any attempt to determine a maximum liability on his part. Therefore, this provision of the final decree is found to be erroneous. As to the second point, the awarding to the wife the husband's interest in the residence of the parties as a special equity, the lower court made the following finding: "That plaintiff, in accordance with the special equities therein shown by plaintiff and the financial contributions * * * be and she is hereby awarded * * * all right, title and interest of defendant in and to that property commonly known as 38 N.E. 102nd Street, Miami Shores, Florida, together with the furniture and furnishings therein and thereon * * *". This award is substantiated by the record on appeal and the appellant has failed to demonstrate error. It might be pointed out that if this provision of the final decree was reversed, the cause would have to be remanded to the chancellor for a redetermination of the alimony and support in view of the failure to sustain the finding of special equity. May v. May, Fla.App. 1962, 142 So.2d 110. It is clear that the chancellor awarded the husband's interest in the residence to the wife in exchange for her special interest, and not as "lump sum" alimony. If in fact it was "lump sum" alimony, it would have been error for the chancellor to have awarded both "lump sum" and "periodic" alimony. As to the third point, the continuance in force of the ne exeat bond subject to further order of the court is not warranted from the record, particularly in view of the fact *293 that the husband is an airline pilot and, by the very nature of his profession, is required to remove himself from this jurisdiction at various times during his flight schedules. To require him to remain in the jurisdiction could jeopardize his employment and make it impossible for him to continue the alimony and support payments. Therefore, that portion of the final decree continuing in force the ne exeat bond should be eliminated. As to the fourth point, the awarding of attorneys' fees in the sum of $2,150.00 appears to have been an award clearly within the judicial discretion of the chancellor and completely justified in view of the record before this court demonstrating the various and sundry motions, hearings, pleadings and the contested nature of the litigation. See: Cocalis v. Cocalis, Fla. App. 1958, 103 So.2d 230; Klaber v. Klaber, Fla.App. 1961, 133 So.2d 98; 10 Fla.Jur., Divorce, § 144. As to the fifth and final point, the awarding of a lien in favor of the wife against all of the business interests of the husband and the injunction against his disposing of, selling, assigning, mortgaging, or otherwise encumbering or disposing of any of his business interests or assets without permission of the chancellor, appears to be unjustified and an abuse of discretion in the chancellor in so ordering. It appears from the record that the husband is possessed of business interests here in the State of Florida and in foreign jurisdictions. The chancellor did not find that the husband intended to convey or conceal his business property in order to defeat the wife's claim for alimony and support, and it would appear that he erred in this portion of the final decree. See: McRae v. McRae, Fla. 1951, 52 So.2d 908.
Therefore, for the reasons stated, the final decree here under review is affirmed, with directions to the chancellor to eliminate therefrom: the provision requiring the husband to pay the wife's medical expenses; the provision continuing the ne exeat bond; the provision granting to the wife a lien on all of the husband's assets, and those provisions which enjoin the husband from disposing of any of his business interests or assets without prior leave of court. In all other respects, the final decree is affirmed.
Affirmed with directions.