304 So.2d 465 (1974)
Sylvia G. HERBERT, Appellant,
v.
Charles W. HERBERT, Appellee.
No. 74-155.
District Court of Appeal of Florida, Fourth District.
December 13, 1974.
Jos. D. Farish, Jr., and Robert V. Romani of Farish & Farish, West Palm Beach, for appellant.
Richard W. Slawson, of Thompson, Tucker & Slawson, West Palm Beach, for appellee.
MAGER, Judge.
The wife appeals an order modifying the final judgment of dissolution in which order alimony payments were terminated and child support payments reduced.
We are of the opinion that no reversible error has been demonstrated insofar as it pertains to the trial court's finding that a substantial change in circumstances has occurred (since the rendering of the final decree) in the husband's ability to provide alimony and support. A transcript of the testimony of the modification proceedings was not presented to this court apparently because such proceedings were not stenographically recorded. In the absence thereof an appellate court cannot evaluate allegations of error in the findings of a trial judge; such findings must be presumed to be correct and will not be *466 disturbed. Pryor v. Pryor, Fla.App. 1973, 274 So.2d 242; Purvis v. Carver, Fourth District Court of Appeal 1974.
However, the appellate record is adequate to the extent that an examination thereof reflects an abuse of discretion in the determination that the husband's obligation to pay permanent periodic alimony "shall cease with the payment due on January 15, 1974". The final judgment of dissolution and the order denying rehearing thereof clearly establish the husband's ability and the wife's need for permanent periodic alimony and child support. That is not to suggest that these are iron-clad determinations; on the contrary, a substantial change in the circumstances of the husband's ability to pay or the wife's need may necessitate modification. But, here, the husband's petition for modification alleging matters bearing upon a substantial change in his financial circumstances and resulting in the order under review merely prayed for "an order reducing child support and alimony". The pleadings do not reflect any suggestion or intimation that the husband's obligation to pay alimony should cease because of a substantial changes in his circumstances or those of his wife.
Nevertheless, the trial court proceeded to terminate the husband's alimony obligation rather than reduce the same during his period of financial inability as prayed for in his petition. The trial court predicated this cessation upon its finding that there was "no justification in extending the husband's obligation for alimony to a woman who is well capable of supporting herself". This gratuitous determination was inconsistent with the husband's petition for modification and for that matter with every other pleading and prayer for relief filed by the husband in the dissolution proceedings. Cf. Purvis v. Carver, supra.
Moreover, the mere fact that the court finds that "the wife is able to support herself" does not mandate a ritualistic incantation and application of the "rehabilitative alimony" principle. See Brown v. Brown, Fla.App. 1974, 300 So.2d 719; Reback v. Reback, Fla.App. 1974, 296 So.2d 541. The "birth" of rehabilitative alimony (under the new dissolution of marriage law) does not spell the "death" of permanent alimony.
To the extent that the final judgment declares that the husband's obligation to pay alimony shall cease, it is erroneous; that portion of the final judgment is vacated and the cause remanded to the trial court for the purpose of determining an appropriate reduction of the husband's alimony obligation consistent with the pleadings and proof. Nothing contained herein shall be construed as precluding the trial court from considering terminating the husband's obligation to pay alimony upon appropriate pleadings and proof.
Affirmed, in part; reversed, in part.
OWEN, C.J., and WALDEN, J., concur.