353 So.2d 921 (1978)
Thelma JENNINGS, Appellant,
v.
J. C. JENNINGS, Appellee.
No. 76-1417.
District Court of Appeal of Florida, Fourth District.
January 4, 1978.
Wallis E. Schulle of Simpson, Brodbeck & Schulle, West Palm Beach, for appellant.
Charles C. Chillingworth, Palm Beach, for appellee.
LETTS, Judge.
In this case the husband petitioned the court for a modification of alimony "by reducing the amount ... required to be paid." The court's order, now appealed from, cancelled the alimony altogether.
We reverse.
The petition, on its face, clearly did not seek a cancellation but only a reduction in alimony payments. As a consequence it was error for the trial judge to so rule. Herbert v. Herbert, 304 So.2d 465 (Fla. 4th DCA 1974).
We would comment that to us the distinction between reduction and cancellation is important. True, the trial judge could perhaps have reduced the alimony to one dollar per year and not have violated the rule of Herbert, supra; however, an award of one dollar would leave open the question of further modification at a later date should changed circumstances justify it. Wilson v. Wilson, 279 So.2d 893 (Fla. 4th DCA 1973).
*922 By contrast, a cancellation of alimony, unappealed from, would not be susceptible to revival later and accordingly we hold that cancellation must be pled in order that the opposing spouse be given adequate notice.
As to the cross-appeal complaining that the trial judge should have granted an accounting, we cannot address it due to the absence of a record. Hall v. Bass, 309 So.2d 250 (Fla. 4th DCA 1975). Nor can we perceive it to be an abuse of discretion for the trial judge to refuse to award attorneys fees to the husband.
Accordingly, the order is affirmed in all respects except as to the cancellation of alimony. This cause is remanded for further proceedings in that regard consistent herewith, including, if the husband desires it, an amendment of the petition.
ALDERMAN, C.J., concurs.
DOWNEY, J., concurs specially.
DOWNEY, Judge, specially concurring:
In my judgment, when a party moves to modify a final judgment by reducing the payments required thereunder the other party is on notice that the reduction may be to zero depending upon the evidence adduced. Thus, if the evidence justifies entirely eliminating the required payments I believe a petition which prays simply for a reduction constitutes a sufficient pleading basis for the court to do so. To reverse a trial court order eliminating required payments which is supported by adequate proof merely because the motion prayed for a reduction rather than for total elimination thereof is unreasonable and a waste of judicial labor which the system can ill afford. There is no lack of notice. The issue is adequately framed by a pleading requesting the payments be reduced. If it appears that there is a possibility the original recipient of the award may need further support in the future the court can retain jurisdiction to consider an application therefor.
Herbert v. Herbert, 304 So.2d 465 (Fla. 4th DCA 1974) holds to the contrary so in the name of consistency we must follow that precedent or recede therefrom. Since the majority chooses to follow Herbert it controls the disposition of this case. Accordingly, I reluctantly concur in the decision to reverse the order appealed from.