GLICKSTEIN, Judge.
On May 26, 1976, the trial court entered an order relieving the husband from any further obligation to pay alimony. On appeal this court in Jennings v. Jennings, 353 So.2d 921 (Fla. 4th DCA 1978), held that it was improper for the trial court to eliminate rather than reduce alimony because the husband had asked for reduction, not termination, of alimony in his petition for modification. In reliance upon the identical situation in Herbert v. Herbert, 304 So.2d 465 (Fla. 4th DCA 1974), we vacated the portion of the final judgment which terminated alimony and remanded the cause to the trial court for the purpose of determining an appropriate reduction of the husband’s alimony obligation consistent with the pleadings and proof. We also permitted the husband to amend his petition on remand.
Following the issuance of our mandate on February 17, 1978, the husband filed a motion for leave to amend his petition to seek elimination of alimony nunc pro tunc. On April 6, 1978, he withdrew his amended petition and filed another amended petition wherein he asked that the trial court reduce alimony to $1.00 per year[1] or eliminate it altogether if a new trial were necessary to effect the latter. On August 21, 1978, the trial court entered an order, awarding judgment against the husband for back alimony. No appeal was taken therefrom.
On October 20, 1978, the husband filed a motion for judgment asking the trial court to reduce alimony to $1.00 per year from May 26, 1976, to the present.[2] The trial court denied the motion on February 12, 1979, and the husband brought this appeal.
We held in Benson v. Benson, 369 So.2d 99, 101 (Fla. 4th DCA 1979): “A court can only modify support payments prospectively from the time a petition for modification is filed.” Sub judice the motion for judgment serves the same purpose as a petition for modification and we shall impose the same ramifications upon it. Accordingly, for the period prior to the filing of the motion for judgment the order of the trial court is affirmed on authority of Benson, supra.
In consideration of the period subsequent to October 20,1978, we disagree with appellant’s basic argument that the granting of his motion for judgment is what the mandate of this court contemplated. Instead we believe that the mandate contemplated the payment of alimony by appellant until he amends his petition to seek termination and the trial court considers appellant’s pleadings and proof. While appellant may have amended his pleadings, the record fails to reflect any proof to support relief. Therefore, we affirm.
AFFIRMED.
LETTS, C. J., and DOWNEY, J., concur.

. In Jennings, supra at 921, we said:
True, the trial judge could have reduced the alimony to $1.00 per year and not have violated the rule of Herbert, supra; however, an award of one dollar would leave open the question of further modification at a later date should changed circumstances justify it.

. Appellee never asserted that appellant was estopped from again raising the same periods of time considered by the earlier order of August 21, 1978. Therefore, any estoppel argument that may have been available to appellee was waived.