SHIVERS, Judge.
The wife appeals termination of permanent periodic alimony. We reverse.
At the time of the dissolution in 1982 the wife was in the home, caring for the parties’ three children, one of whom suffered from spina bifida, a congenital defect of the spine. Although the wife had a bachelor’s degree in animal science, she felt it necessary to remain home to care for the child. The husband, a law graduate who had never applied to the bar, was actively engaged in farming. The final judgment provided that the husband pay $35,000 in lump sum alimony, $900 per month in child support, and $700 per month in permanent periodic alimony.
The husband had difficulty in living up to the terms of the final judgment and was periodically brought back to court by the wife seeking enforcement of the judgment.
On March 16, 1984, the husband filed a petition to modify the final judgment, seeking reduction of alimony, child support, and general relief. He maintained that a change of circumstances warranted relief. The changes in circumstance were that the wife was now employed selling veterinary supplies, with a gross salary of $18,000 per year; and that the husband, due to a depletion of his assets, was reduced to freelance front-end loader work, grossing $287.50 per week.
*514 At the hearing, the husband acknowledged an arrearage of $9,215.00 for alimony and child support. The trial judge found that there had been a substantial change in circumstances, such that the husband could no longer pay alimony and that the wife no longer needed it. He therefore terminated alimony immediately.
The wife concedes that the alimony should be temporarily reduced but maintains it should not have been terminated. The thrust of the wife’s appeal is that since the husband only sought reduction of alimony, and not its termination, the court’s action is clearly erroneous. We agree. As was stated in Jennings v. Jennings, 353 So.2d 921 (Fla. 4th DCA 1978):
“The petition, on its face, clearly did not seek a cancellation, but only a reduction in alimony payments. As a consequence it was error for the trial judge to so rule. Herbert v. Herbert, 304 So.2d 465 (Fla. 4th DCA 1974).” p. 921.
As in Jennings, supra, this court is concerned with the finality of a cancellation of alimony.
We therefore, REVERSE as to the termination of the permanent alimony and REMAND for further proceedings.
BOOTH and ZEHMER, JJ., concur.