485 So.2d 838 (1986)
Albert J. SCHIFFHAUER, Appellant,
v.
Joan A. SCHIFFHAUER, Appellee.
No. BE-365.
District Court of Appeal of Florida, First District.
February 27, 1986.
Rehearing Denied March 26, 1986.
George L. Waas, of Slepin, Slepin, Lambert & Waas, Tallahassee, for appellant.
Joseph R. Boyd and William H. Branch, of Boyd, Thompson & Williams, Tallahassee, for appellee.
McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
This appeal is from a final judgment in a dissolution of marriage action. Among other points raised in the appeal, husband contends the trial judge erred in requiring him to bear all reasonable future medical costs the wife may incur as a result of her herpes condition. He argues that such was error because this issue was not pled and no maximum liability for the medical costs was established. We disagree.
The wife in her complaint did not specifically pray for the questioned relief which the trial court granted. She did however allege that her husband maintained life and health insurance coverage on the two of *839 them and she asked that he be required to continue to pay all health and medical insurance on her. In addition, she made a general prayer for relief that she be granted such other relief as to the court may appear proper.
It appears from the record that the husband may not be able to obtain health insurance coverage on the wife after dissolution of the marriage or that if such coverage is obtainable, it may require payment of a much higher premium. She has numerous health problems in addition to herpes.
The trial court specifically found that the wife had contracted herpes (a recurring condition) from the husband. The court ordered that "respondent [husband] shall be responsible for all reasonable future medical costs petitioner [wife] may incur as a result of her [herpes] condition." The court then went on to say "the respondent shall make a reasonable and good-faith effort to extend medical coverage to petitioner under his present medical and health insurance plan. Petitioner shall be responsible for any premium difference incurred as a result of such coverage."
Because of the uncertainties of the availability and cost of insurance coverage for the wife due to her numerous health problems, the trial court obviously considered that it would only be fair and reasonable that the husband at least bear any reasonable future medical expense resulting from the recurring disease herpes which the court found that the husband had given to her. This was the trial court's solution to the wife's prayer that her husband be required to maintain health and life insurance coverage on her. The relief given the wife for her herpes condition is directly related to her prayer that the husband maintain health insurance coverage on her, and therefore, under the circumstances existing in the record which we will presently discuss, is not outside the scope of the relief sought.
The question of payment of future medical bills for the herpes did not catch the husband by surprise at trial. In the husband's trial brief filed the same date as the final hearing, counsel recognized that "the husband is paying all of Mrs. Schiffhauer's medical bills." Further in the trial brief, we find the additional statement, "The husband submits that if the wife receives a distribution placing her in a financial position at least equal and likely superior to the husband, he is not obligated to pay her medical bills or to maintain health insurance on her, particularly if the maintenance of health insurance would adversely impact the husband's insurance status." In the wife's deposition taken some five weeks prior to the final hearing, it appears that one of the primary reasons that the wife filed the dissolution action was that the husband had given her herpes. It is apparent that the herpes condition and the wife's desire to have the financial burdens relating thereto imposed upon her husband was not a new issue arising for the first time at the final hearing.
While a prayer for general relief would not be sufficient in and of itself upon which to base the trial court's ruling, it, coupled with the prayer for insurance coverage combined with the above referred to developments in the record, is sufficient to apprise the husband that the payment of future medical expenses reasonably connected with her herpes would be an issue at trial and to support the relief granted by the trial court.
In support of his contention that it was error to grant the medical relief to the wife, the husband cites Isaacson v. Isaacson, 463 So.2d 513 (Fla. 1st DCA 1985), Jennings v. Jennings, 353 So.2d 921 (Fla. 4th DCA 1978), and Herbert v. Herbert, 304 So.2d 465 (Fla. 4th DCA 1974). These cases all dealt with trial courts' terminations of alimony where the husband had only sought reduction in his alimony payments. The appellate courts reversed in those cases, pointing out the wide variance between seeking only a reduction in alimony and getting a complete termination thereof. (While alimony payments may be modified from time to time depending upon changed conditions, once terminated they *840 may not be reinstated.) Here we have an entirely different situation. The wife sought insurance coverage for all of her future medical expenses and the record shows that payment of medical bills by the husband was a related issue. The trial court however required that the husband pay her reasonable future medical expenses only for the herpes condition with which he had infected her.
The husband also contends the trial court erred in granting the herpes relief in that there is no continuing obligation of a husband to pay his former wife's medical expenses ad infinitum without establishing a maximum amount to be paid. He cites Miller v. Miller, 466 So.2d 356 (Fla. 5th DCA 1985), and Peteler v. Peteler, 145 So.2d 291 (Fla. 3d DCA 1962). In Miller the appellate court held it was error for the trial court to require that the husband "pay all of the wife's medical and dental costs not covered by insurance and regardless of amount ... since one extended illness could wipe him out financially." In Peteler the appellate court said:
[I]t is not a continuing obligation of a former husband to pay a former wife's medical expenses ad infinitum and without any attempt to determine a maximum liability on his part.
This court in Jordan v. Jordan, 389 So.2d 1258 (Fla. 1st DCA 1980), citing Peteler ruled that "if the trial court should determine that the husband is to be responsible for the wife's future medical expenses, the court should determine his maximum liability in this regard." We do not disagree that a requirement that the former husband pay all future medical expense of his former wife without limitation is too broad to countenance. Such would encompass ailments acquired not only during the marriage, but also those which may be contracted in the future. Here, however, the grant is narrow in scope. It is limited to the reasonable expenses of the one single ailment which the husband transmitted to the wife.
We have considered the other issues raised by appellant and find them to be without merit.
AFFIRMED.
ERVIN and WIGGINTON, JJ., concur.