PATTERSON, Judge.
The Department of Revenue (the Department) appeals from the final order which denies its complaint for paternity and support. We agree that the trial court erred in denying the complaint because a default judgment had already been entered against the appellee/father, Adam Folks. Therefore, we reverse and remand for the entry of a judgment of paternity.
On December 15, 1994, the Department filed a complaint to establish paternity, child support, and for other relief on behalf of the mother, Destina Cordova. The complaint alleged that the appellee was the father of Destina’s minor child, born May 19, 1991. The complaint also alleged that the child’s need for support and the appellee’s ability to pay support had existed since the child’s birth.
The appellee was served with the complaint on December 22, 1994, by substitute service. He failed to answer the complaint, and a default was entered against him on March 1, 1995. The appellee also failed to answer or object to the Department’s request for admissions and failed to appear at the final hearing on May 8,1995.
The final hearing was set in a mass court block with many other eases set at the same time. When the hearing officer asked if the Department had determined the amount of child support required by the guidelines, the case analyst from the Department was still calculating the amount. Therefore, the Department’s attorney told the hearing officer that the guideline figure would be ready momentarily. Because the Department was unprepared at the time the case was called, the hearing officer denied the entire complaint. On the basis of the hearing officer’s finding that the Department “failed to present evidence of the child support guidelines,” the trial court rendered its order on May 10, 1995, denying the complaint for paternity and support.
Under Florida Rule of Civil Procedure 1.110(e), the appellee’s paternity and his ability to pay support was proven when the default was entered against him. See Ellish v. Richard, 622 So.2d 1154 (Fla. 4th DCA 1993) (party against whom default judgment is entered admits all well-pleaded facts as true). Additionally, by failing to answer or object to the request for admissions, the appellee admitted that he had possessed the ability to earn at least minimum wage since the child’s birth. Fla. R. Civ. P. 1.370. See Kyle v. McFadden, 443 So.2d 497 (Fla. 1st DCA 1984) (matters alleged in unanswered request for admissions may properly be deemed admitted). Thus, the trial court abused its discretion in failing to enter a judgment for paternity and support. Even if the trial court had reason not to order child support, the court still should have entered a judgment of paternity and allowed the child support matter to be heard at a later date. Child support guidelines simply show the amount of the father’s obligation, not the existence of the obligation.
Accordingly, we reverse the trial court’s decision and remand for the entry of a final judgment of paternity and for further proceedings to determine the amount of the appellee’s child support obligation.
Reversed and remanded.
THREADGILL, C.J., and SCHEB, JOHN M., Senior Judge, concur.