PER CURIAM.
Appellant, Lucio De La Torre (“former husband”) appeals an order entered after a default increasing child support in favor of appellee, Yakelin Queija (“former wife”). A review of the record reveals only one of the issues raised by former husband requires reversal. We agree that the default was properly entered as to the former husband’s liability for child support. See State, Dept. of Revenue on Behalf of Cordova v. Folks, 685 So.2d 56 (Fla. 2d DCA 1996); Arca v. Arca, 606 So.2d 768 (Fla. 2d DCA 1992). However, the trial court did err in granting the former wife’s request for modification of support. This is so because the former husband was not allowed the opportunity to be heard or present evidence at the hearing as to the amount of his child support obligation. See Cortina v. Cortina, 98 So.2d 334 (Fla.1957); Manning v. Varges, 413 So.2d 116 (Fla. 2d DCA 1982).
Affirmed in part; reversed in part and remanded.