855 So.2d 708 (2003)
Paul Vincent DAMIANO, Appellant,
v.
Amalia DAMIANO, Appellee.
No. 4D02-4194.
District Court of Appeal of Florida, Fourth District.
October 8, 2003.
*709 Terrence P. O'Connor of Morgan, Carratt and O'Connor, P.A., Fort Lauderdale, for appellant.
Ileana Haedo of Ileana Haedo, P.A., Fort Lauderdale, for appellee.
WARNER, J.
In granting an upward modification of alimony, the trial court determined that a dramatic increase in the price of homes in Broward County constituted a substantial change of circumstances, even though the expenses of the wife's new home did not exceed that of the marital home which was sold according to the parties' agreement. We hold that this factor does not constitute a substantial change in circumstances and reverse.
Pursuant to the parties' final judgment of dissolution of marriage, the husband was required to pay to the former wife $2,500 per month for three years and then $1,200 per month thereafter, which, together with what the court determined the former wife could earn by working, would support her needs. The judgment granted the wife exclusive use and possession of the marital residence until the youngest child reached the age of majority, at which time the home was to be sold and the proceeds divided equally between the parties.
Three years later, the wife filed a petition for modification of alimony, claiming her expenses had increased as a result of her two adult children living with her in the marital home. The husband then moved to enforce the judgment as to the sale of the marital home. The court granted the husband's motion and ordered the house to be sold. About six months later, the husband purchased the marital home and the former wife received about $47,000 in proceeds.
At the hearing on the petition for modification, the wife testified that she had *710 purchased a new home that was not located in as good a neighborhood as her former home. The new home cost $160,000, but her mortgage payment, including taxes and insurance, was slightly less than the payment on the marital home. The wife was employed and earning more than she did at the time of the final judgment. Her expenses were also increased, but this was due in large part to her increased spending on items and services that were not part of the expenses she had at the time the dissolution was entered. For instance, she obtained a cell phone and two phone lines in her home, while the parties only had one phone line during the marriage.
In its final judgment granting the modification, the court noted that the former husband had stipulated that he had the ability to pay an increase in alimony. It determined that the substantial increase in housing costs in Broward County constituted a substantial change in circumstances not contemplated at the time of the final judgment. The court increased the former wife's alimony to $2,000 per month. The husband appeals this order.
Three prerequisites are required for a modification of alimony: 1) a substantial change in circumstances; 2) that was not contemplated at the time of final judgment of dissolution; and 3) is sufficient, material, involuntary, and permanent in nature. See Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992) (citations omitted). Common sense also dictates that the substantial change in circumstances must make the current alimony inadequate to meet the needs of the former spouse, as contemplated at the time of the final judgment of dissolution, or increase the needs of the former spouse, as a debilitating injury or illness would do. In this case, none of these factors are present. Assuming the cost of obtaining a new home significantly increased since the time of the final judgment, it did not increase the monthly needs of the former wife, as the expense of mortgage, taxes, and insurance on the home were less than on the marital home. Sale of the marital home at the time the youngest child reached majority was contemplated in the final judgment. Cf. Ashburn v. Ashburn, 350 So.2d 1158 (Fla. 2d DCA 1977) (reversing order granting downward modification of alimony on ground that wife received $8,000 in proceeds from the sale of marital home because the sale was contemplated in the final judgment of dissolution and was not a substantial change in circumstances.) Moreover, if housing costs continue to rise, it will make the wife's newly acquired asset more valuable, thus improving her financial picture, not diminishing it.
We hold that the increased price of homes is not a substantial change of circumstances warranting an upward modification of alimony. We therefore reverse the final judgment.
STONE and HAZOURI, JJ., concur.