884 So.2d 462 (2004)
Suzette RENO, Appellant,
v.
William Q. RENO, Appellee.
No. 4D03-3787.
District Court of Appeal of Florida, Fourth District.
October 6, 2004.
*463 Neil B. Jagolinzer of Christiansen & Jacknin, West Palm Beach, for appellant.
Jeffrey S. D'Amore of D'Amore Law Firm, P.A., West Palm Beach, for appellee.
GATES, MICHAEL, Associate Judge.
In this case, the trial court terminated permanent alimony, when only a reduction of alimony was sought by the husband. Additionally, the trial court granted the former wife's petition to relocate with the minor child but required her to provide all the transportation and costs for visitation with the former husband. We reverse on the former and affirm on the latter.

FACTS
Suzette Reno (the "former wife") and William Q. Reno (the "former husband") were divorced pursuant to a final judgment of dissolution of marriage on August 12, 1998.
The former wife was awarded permanent periodic alimony which would terminate *464 only upon the former wife's remarriage or death.
On February 4, 2003, the former husband filed a petition to modify seeking a reduction in alimony. The former wife filed a petition to relocate with the minor child from Jupiter to Vero Beach with her fiancé, Mr. Zimms (the "fiancé"). On September 2, 2003 the trial court held an evidentiary hearing.
The former husband testified that he was no longer earning anywhere near his previous annual salary. The former wife contended her only present source of income was alimony. She indicated she fell while working as a teacher's aide and medical problems prevented her from returning to that job.
The former wife testified she moved into the rented Jupiter residence of her fiancé in July 2003. Since this time, all of her living expenses, except for her cell phone bill, have been paid by her fiancé. Additionally, the former wife and her fiancé leased a residence in Vero Beach. The former wife intended to work for her fiancé from the Vero Beach residence. The parties have no specific plans for getting married.
The visitation schedule provided the former husband with visitation every other weekend and each Wednesday evening, which he fully exercised. The former wife testified that if the trial court permitted her to relocate with the minor child, "I am more than willing, if [the former husband] wants to keep the visitation that was intact at the same time of our divorce, I will keep that, or whatever [the trial judge] feels that's in the best interests of Dillon and providing a meaningful relationship with his father; anything you offer, I would be more than willing to accept."
In closing, the former husband argued that the evidence indicated that the former wife basically had no need for alimony since all her expenses were being paid by her fiancé. The former husband asked the court to grant the petition for modification based on his reduced income. The former husband also pointed out to the court that the former husband's guidelines do consider that the alimony will terminate, since the plan is for the former wife and her fiancé to get married.
On September 3, 2003, "Final Judgment on Petitions for Modification" was entered. The trial court granted the former husband's petition to modify support. Alimony was terminated effective October 1, 2003. The trial court granted the former wife's petition to relocate. The visitation schedule was to remain unchanged, with the former wife being responsible for transporting the child, as well as the costs. Neither party was awarded attorney's fees or costs.
As is well settled, "[t]hree prerequisites are required for a modification of alimony: 1) a substantial change in circumstances; 2) that was not contemplated at the time of final judgment of dissolution; and 3) is sufficient, material, involuntary, and permanent in nature." Damiano v. Damiano, 855 So.2d 708, 710 (Fla. 4th DCA 2003) (emphasis added) (citation omitted).
The former husband filed a petition seeking a reduction of permanent alimony based on his reduced income and the former wife's underemployment. During the hearing, the former husband presented a new ground for a reduction in alimony: that the former wife had no current need for alimony, because her fiancé was paying for all of her living expenses except for her cell phone bill. Accordingly, the former husband demonstrated a substantial change of circumstances warranting a reduction in alimony.
*465 However, while a reduction in alimony is warranted, it is clear that the former husband did not seek the complete termination of alimony, either in his pleadings or at trial.
A trial judge may not order that alimony cease simply because the alimony recipient cohabits with another person, even when this arrangement appears to be one consistent with a de facto marriage. See Dibartolomeo v. Dibartolomeo, 679 So.2d 72, 72-73 (Fla. 4th DCA 1996). However, cohabitation may justify the modification and elimination of alimony, depending on how the new living situation has impacted the alimony recipient's financial condition and continued need for alimony. Id. at 73.
In this case, there appears to be conclusive evidence that almost all of the former wife's living expenses are being paid by her fiancé, as she conceded such. Nonetheless, while this may support the elimination of alimony, the former husband did not request this relief. Given that the former wife's needs may change in the future, the proper course is to reduce alimony, even if done to a nominal amount.
While it may seem that there is a de minimis difference between the complete elimination of alimony and the near-complete elimination of alimony, this is a distinction with a difference. It is clear that when a party requests that alimony be terminated, the trial court has jurisdiction to simply modify the alimony. See Greene v. Greene, 547 So.2d 1302, 1304 (Fla. 2d DCA 1989). However, the reverse is not true; when a party seeks the modification of alimony, this does not permit the trial court to terminate alimony. See Jennings v. Jennings, 353 So.2d 921 (Fla. 4th DCA 1978). This court's language from Jennings is instructive:
The petition, on its face, clearly did not seek a cancellation but only a reduction in alimony payments. As a consequence it was error for the trial judge to so rule. We would comment that to us the distinction between reduction and cancellation is important. True, the trial judge could perhaps have reduced the alimony to one dollar per year ... however, an award of one dollar would leave open the question of further modification at a later date should changed circumstances justify it. By contrast, a cancellation of alimony, unappealed from, would not be susceptible to revival later and accordingly we hold that cancellation must be pled in order that the opposing spouse be given adequate notice.
Id. at 921-22 (emphasis added) (citations omitted); see also Herbert v. Herbert, 304 So.2d 465 (Fla. 4th DCA 1974); Isaacson v. Isaacson, 463 So.2d 513 (Fla. 1st DCA 1985) (where husband only requested reduction of alimony, trial court abused its discretion in terminating alimony).
As is also well settled, while it is error for the trial court to grant relief for an issue not raised in the pleadings, an exception lies when this non-pled issue has been tried by implied or express consent. See Todaro v. Todaro, 704 So.2d 138, 139 (Fla. 4th DCA 1997). The former husband contends that the issue of whether to terminate alimony was in fact tried by implied consent because the former wife, by not objecting to testimony of her financial relationship with her fiancé, impliedly agreed to the consideration of that issue.
However, "in order to rely on questions and answers not objected to during trial as evidencing the opposing party's implied consent to try unpled issues, it must be shown that said questions and answers are irrelevant to any pled issues." See Bilow *466 v. Benoit, 519 So.2d 1114, 1116 (Fla. 1st DCA 1988).
All of the evidence introduced by the former husband was clearly relevant to support his request for the reduction of alimony, such that any objection by the former wife would have been fruitless.
Additionally, the trial court granted the former wife's relocation with the minor child to Vero Beach, an issue the former husband does not appeal. The former wife contends it is unreasonable to require her to shuttle back and forth on this long commute for the former husband's visitations and to require her to pay for 100% of the financial costs in doing so.
A trial court has great discretion in setting a visitation schedule and in establishing the terms of the visitation. See Keitel v. Keitel, 724 So.2d 1255, 1257 (Fla. 4th DCA 1999); Gerthe v. Gerthe, 857 So.2d 306, 307 (Fla. 2d DCA 2003). The appellate court will not reverse a trial court's order regarding visitation absent a finding of abuse of discretion. See Damiani v. Damiani, 835 So.2d 1168, 1169 (Fla. 4th DCA 2002).
The trial court was within its discretion in imposing this travel requirement upon the former wife, as a reflection that her relocation could potentially hinder the current visitation schedule, which the former husband was maintaining. The trial court in granting the former wife this relief, established a sensible provision to ensure that the former husband maintained an active and meaningful relationship with the minor child.
We reverse the termination of alimony, and remand to the trial court to impose a nominal $1.00 monthly alimony payment to the former wife and to retain jurisdiction should there be a substantial change of circumstances in the future. As to all other issues raised, we affirm.
WARNER and SHAHOOD, JJ., concur.