920 So.2d 1165 (2006)
Minita LOPEZ, Appellant,
v.
Eduardo LOPEZ, Appellee.
No. 3D05-447.
District Court of Appeal of Florida, Third District.
February 15, 2006.
*1166 Kenneth M. Kaplan, for appellant.
Maria Medel, Miami, for appellee.
Before LEVY, GREEN, and WELLS, JJ.
PER CURIAM.
Appellant, former wife, appeals from an Order, terminating appellee, former husband's, alimony obligations. We reverse in part, and remand for further proceedings.
The parties were divorced in December of 1993. As part of the Final Judgment of Dissolution of Marriage, former wife was awarded permanent alimony in the amount of $2,000.00 per month. The trial court reserved jurisdiction pursuant to Pimm v. Pimm, 601 So.2d 534 (Fla.1992), to consider former husband's permanent alimony obligation upon his reasonable retirement. At the time of the dissolution, former husband was a bank executive with an annual salary of $92,000.00. Former wife was 48 years old and unemployed.
On June 18, 2004, former husband filed a Supplemental Motion for Modification on the ground that his employment was involuntarily terminated effective May of 2004, that he retired as a result, and that his retirement income was $1,588.00 per month. Former husband's financial affidavit established that he is living in a deficit, which requires him to draw from his retirement savings each month.
Former husband's Motion was set for final hearing on several occasions but was continued when former wife did not comply with the financial disclosure requirements. On December 3, 2004, former husband filed a Motion for Default. The trial court granted the Motion for Default and as a result, without taking any evidence except for Husband's financial affidavit, the court granted Husband's Supplemental Motion to Modify Alimony Obligation. The court cited former wife's failure and refusal to comply with discovery to support the default, found that former husband *1167 does not have the present ability to make alimony payments, and entered a Final Judgment for Termination of Alimony Payments. Former wife's Motion for Rehearing was denied. This appeal ensued.
A trial court's Order regarding modification of alimony may not be disturbed on appeal in the absence of a showing of a clear abuse of discretion. Singer v. Singer, 442 So.2d 1020 (Fla. 3d DCA 1984).
Former wife claims that the trial court erroneously entered a default judgment against her,[1] and terminated former husband's alimony obligation without conducting an evidentiary hearing to inquire into former husband's assets and the reasonableness of former husband's retirement in light of his age, ability to remain employed, and former wife's needs. Additionally, former wife claims that the court erroneously terminated former husband's alimony obligation where former husband only sought a reduction of alimony.
Former wife alleges that regardless of the trial court's entry of a default judgment against her, an evidentiary hearing should have been conducted to determine whether former husband was entitled to modification of alimony and, if so, to determine the amount of the modification. To support a modification of alimony, the party seeking modification must show a substantial change in circumstances that was not contemplated at the time of the final judgment of dissolution, and that is sufficient, material, involuntary, and permanent in nature. Reno v. Reno, 884 So.2d 462, 464 (Fla. 4th DCA 2004) (citing Damiano v. Damiano, 855 So.2d 708, 709 (Fla. 4th DCA 2003)). This Court in De La Torre v. Queija, 702 So.2d 293 (Fla. 3d DCA 1997) explained that although a default judgment was entered against former husband determining former husband's liability for child support, it was erroneous for the trial court to grant the former wife's modification for support without giving the former husband an opportunity to be heard or present evidence. Id. at 294. The Record reflects that in the instant case the trial court reviewed the Record, which contained evidence in the form of financial affidavits and a letter of involuntary termination from former husband's employer. However, in light of the default, former wife was not given an opportunity to challenge husband's evidence, or to cross-examine husband about the evidence presented.
Although former wife defaulted, and should be precluded from presenting any evidence, husband must still meet his burden of establishing a substantial change in circumstances, and wife is entitled to cross examine and challenge that evidence. Accordingly, we find that the trial court abused its discretion in failing to hold an evidentiary hearing on husband's Motion for Modification.
Former wife also argues that pursuant to Reno, 884 So.2d at 464-65, the trial court erred in terminating the former husband's alimony obligation where the Supplemental Motion for Modification of Final Judgment requested that his alimony obligations be modified, not terminated. The Court in Reno held that a request to modify alimony does not allow the trial court to terminate alimony without notice to the other party that "termination" is sought. Id. at 465. The Court distinguished between a near-complete elimination *1168 of alimony and the complete elimination of alimony, explaining that a reduction down to a small amount is acceptable when one petitions for a modification of alimony, whereas a termination of the alimony obligation altogether is not. Id. "[A] cancellation of alimony, unappealed from, would not be susceptible to revival later and accordingly... cancellation must be pled in order to put the opposing spouse on adequate notice." Id. (quoting Jennings v. Jennings, 353 So.2d 921 (Fla. 4th DCA 1978)). The Court further explained that if the alimony obligation was reduced down to a de minimus amount, and circumstances later changed, the question of further modification would be left open. Id.
In the instant case, former husband's Petition only sought a modification of his alimony obligation, i.e., he did not request a termination of his alimony obligation. Specifically, the Motion filed by former husband alleges that changes in his circumstances, including former husband reaching the age of retirement, and former husband's involuntary termination from his employment, which are both substantial, involuntary, and permanent, "warrant a modification of the Former Husband's alimony." (emphasis added)
Thus, while former husband's current status may support a reduction of his alimony obligation, his alimony obligation should not have been terminated where former husband did not request termination of the alimony in his pleadings and where former wife was not on notice that the alimony could have been completely terminated. Moreover, terminating the alimony would not allow former wife any form of redress should the circumstances change in the future. Accordingly, the Order terminating alimony is reversed and the matter remanded for a determination of the proper amount of reduction, if any.

CONCLUSION
In light of the foregoing, the Order on appeal is reversed and the matter is remanded for an evidentiary hearing[2] to determine the proper amount of "modification," if any.
NOTES
[1] There is no evidence in the Record to suggest that the trial court abused its discretion in entering a default against former wife in light of her failure to comply with her discovery obligations.
[2] In light of the trial court's entry of default, former wife should be precluded from presenting evidence at the evidentiary hearing. However, former wife may challenge former husband's basis, and evidence, for modification and may cross-examine former husband.