947 So.2d 450 (2006)
Richard MENDES, Appellant,
v.
Debra MENDES, Appellee.
No. 4D05-279.
District Court of Appeal of Florida, Fourth District.
May 24, 2006.
Opinion Denying Rehearing February 21, 2007.
*451 Richard G. Bartmon of Law Offices of Bartmon & Bartmon, P.A., Boca Raton, for appellant.
Alan R. Burton, Fort Lauderdale, for appellee.
BAILEY, JENNIFER D., Associate Judge.
Richard Mendes ("former Husband") appeals from an order rejecting downward modification of his permanent alimony obligation. The trial court properly rejected the General Magistrate's Report and Recommendation on the modification. Although we affirm the result, we respectfully reject the trial court's reasoning.
The parties were divorced on February 4, 2003. At the time, Mr. Mendes was employed as a mortgage loan originator with Suntrust Bank, earning $127,998 per year. Mrs. Mendes earned $61,312 per year. The parties settled their divorce case by a settlement announced on the record before the trial court, which provided for $1500 per month in permanent alimony to the wife, with the proviso that "[o]bviously, the alimony would be subject to modification with respect to any material change in the earnings of either of the parties either up for her or down for him. . . ."
Fourteen months later, former Husband moved to discharge his obligation to pay permanent alimony. He alleged a substantial change of circumstances due to the increase in interest rates and a reduction in referrals at Suntrust, which had reduced his income to less than his former wife's income level.
The case was referred to the General Magistrate. The former Husband testified that re-financing had "dried up" since interest rates began to climb in July 2003. He also testified that he had quit his job at Suntrust because of a policy change limiting the number of internal referrals for refinancing which he could receive from Suntrust branch managers, previously unlimited. After Mr. Mendes left Suntrust, he joined another mortgage brokerage with the expectation of restoring his fortunes. However, Mr. Mendes testified, his income would never return to the levels of 2002 upon which the agreed permanent alimony had been based.
Suntrust witnesses testified that the referral limitation was adopted in March 2002, and that the rise in interest rates had substantially reduced refinancing business.
Former husband's counsel argued that the evidence demonstrated that the 2002 earnings represented a unique spike in earnings due to historically low interest rates, and that Mr. Mendes would never earn that much again. Counsel for the former wife pointed out that the Suntrust referral limitation policy had been announced almost a year before the settlement, and that the fluctuating character of Mr. Mendes's income was known at the time of the settlement agreement.
The General Magistrate granted the former Husband's motion and completely discharged his permanent alimony obligation, finding that Mr. Mendes had suffered a substantial, involuntary, and permanent reduction in income. The former wife, not *452 surprisingly, took exceptions to the magistrate's recommendation before the trial court.
The trial court sustained the former wife's objections, finding that the magistrate's findings and determinations were not supported by substantial and competent evidence and were clearly erroneous. See Garcia v. Garcia, 743 So.2d 1225, 1226 (Fla. 4th DCA 1999). The court determined the circumstances which produced the reduction in income were known at the time of the agreed settlement and that Mr. Mendes had failed to prove that his reduction in income was not contemplated at the time he agreed to pay $1500 permanent alimony. The trial court particularly found that fluctuating interest rates and the consequences to Mr. Mendes's income were contemplated at the time of the final judgment, along with the known and existing Suntrust policy change of limiting in-house refinance referrals to staff mortgage originators.
In order to modify an alimony award, a movant must show: 1) a substantial change of circumstances; 2) that the change was not contemplated at the time of the final judgment; and 3) that the change is sufficient, material, involuntary, and permanent in nature. Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992). When the permanent alimony amount was originally determined by agreement between the parties, the movant has a heavier than usual burden of proof. Overbey v. Overbey, 698 So.2d 811, 814 (Fla.1997).
We find that the trial court correctly overruled the magistrate's complete and permanent discharge of former Husband's permanent alimony obligation. However, the trial court's reliance on the former husband's knowledge, at the time of final judgment, of the possibility of fluctuations in interest levels affecting his income as grounds for prohibiting modification is misplaced.
The trial court based its decision on the well-established principle that modification may not be based upon factors affecting income known to the parties at the time a final judgment is entered. Mastrilli v. Mastrilli, 478 So.2d 377, 378 (Fla. 2d DCA 1985). As aptly stated in Jaffee v. Jaffee, 394 So.2d 443, 445 (Fla. 3d DCA 1981): "The reason for this doctrine is an obvious one: if the likelihood of a particular occurrence was one of the factors which the court or the parties considered in initially fixing the award in question, it would be grossly unfair subsequently to change the result simply because the anticipated event has come to pass."
In contrast here, Mrs. Mendes's permanent alimony was calculated based on the 2002 income levels, without taking into account the possibility of future decline. In fact, the possibility was explicitly recognized in the announcement on the record, which contemplated modification if the parties' earnings went up or down. While the possibility of fluctuating market conditions affecting Mr. Mendes's income may have been known to the parties at the time of the settlement agreement and final judgment, the character of the actual change and consequences to income were not known at the time of the final judgment. "A possibility that income will decrease is not knowledge that it will do so." Allison v. Allison, 554 So.2d 1196, 1198 (Fla. 1st DCA 1989). It is the actual occurrence of the change or fluctuation, the vesting of the possible variables, which serves to support a potential modification. At the time of the Mendeses' settlement, Mr. Mendes could not have used speculation about a possible future upward creep in interest rates to minimize his alimony obligation. Therefore, the avenue of modification must be open to those who earn *453 fluctuating incomes in the event that an adverse change materializes in substantial measure. However, the very fluctuating nature of the earnings leaves open that potential that favorable conditions may eventually return. Therefore, a permanent resolution in the form of discharge is inappropriate on this ground alone. A claim of fluctuating income due to market conditions may not support a complete discharge unless a permanent, not fluctuating, loss of ability to earn income at previous levels is evidenced. In lieu of such permanency, downward modification is the appropriate remedy, where sought.[1] Mr. Mendes complained of a decline in refinancing in the home mortgage market. The evidence presented to the magistrate demonstrated that while Mr. Mendes remained at Suntrust, his earnings for 2004 were roughly on track with what he had earned in 2003, and that although he had lost in-house referrals, he had replaced that income source with outside refinance referrals. His initial job change to Allied produced zero income for several months, decreasing his earnings figures for 2004 and 2005. Further, while the refinancing market may have slowed, former husband's evidence failed to address the potential income source from purchase money mortgages during a white hot South Florida real estate market.
The magistrate found a substantial, involuntary, permanent reduction in income, a finding unsupported by evidence, logic or law. While affirming the trial court's ruling rejecting the Magistrate's Report and Recommendations, we are confined in our remedy by the limited pleading of the Husband. Husband sought only discharge, not modification.
In light of the former Husband's sole plea, which was for discharge, we affirm the trial court's order overruling the magistrate's report, requiring payment of $1500 per month in permanent alimony to the former wife.
Affirmed.
WARNER and KLEIN, JJ., concur.

ON MOTION FOR REHEARING AND REHEARING EN BANC
BAILEY, JENNIFER D., Associate Judge.
The appellant (former husband) has moved for rehearing based upon the argument that our remand should include leave to seek to modify his permanent alimony obligation. He cites the case of Reno v. Reno, 884 So.2d 462 (Fla. 4th DCA 2004), which stated: "It is clear that when a party requests that alimony be terminated, the trial court has jurisdiction to simply modify the alimony." Id. at 465.
The case below was tried because the parties had competing positions: the former husband took the position that his permanent alimony payments had to be terminated due to changes in the real estate finance market in which he was employed. The former wife took the position that the former husband could not seek modification on that ground because the fluctuating character of the real estate finance market was known to the parties at the time the permanent alimony was agreed upon in the parties' marital settlement. The only issue tried in this case was whether termination was appropriate or prohibited. Neither party ever argued or tried the issue of a modified, reduced *454 amount of permanent alimony to the trial court, nor presented the issue on appeal.
As the former husband did not seek a reduction in alimony in lieu of termination below, he failed to preserve this claim for purposes of our remand. While such an issue is within the trial court's jurisdiction under Reno, the former husband did not invoke that remedy. As such, rehearing is denied. See Hoffman v. Hoffman, 793 So.2d 128 (Fla. 4th DCA 2001); see also Walls v. Sebastian, 914 So.2d 1110 (Fla. 4th DCA 2005); Utterback v. Utterback, 861 So.2d 465 (Fla. 3d DCA 2003). Former husband is not limited in seeking modification in a new proceeding if justified by the current facts and circumstances of the parties.
Rehearing Denied.
WARNER and KLEIN, JJ., concur.
NOTES
[1] In addition, the trial court can consider and grant a "good faith" modification where fluctuations have produced a temporary inability, to be reviewed periodically by the court as changing conditions dictate. See Overbey v. Overbey, 698 So.2d 811 (Fla.1997).