951 So.2d 972 (2007)
Raul ZEBALLOS, Appellant,
v.
Alba P. ZEBALLOS, Appellee.
No. 4D06-1552.
District Court of Appeal of Florida, Fourth District.
March 14, 2007.
*973 Diane H. Tutt of Diane H. Tutt, P.A., Davie, for appellant.
No appearance for appellee.
TAYLOR, J.
Raul Zeballos appeals an order which reduced but did not terminate his alimony obligation. He alleges that his impending retirement and his former wife's long-term support by another man together eliminate both his ability to pay and the former wife's need, making just the partial reduction of his alimony obligation an abuse of discretion. We agree.
The parties were divorced on May 14, 1999. The former husband was awarded custody of the children. The dissolution decree ordered the former husband to pay the former wife $500 a month in alimony until their youngest child reached 18, then $1,000 a month in alimony thereafter. The children have since reached 18.
On April 4, 2005, the former husband petitioned for modification, requesting termination or reduction of his alimony obligation. He alleged that the former wife was being supported by another man, with whom she was residing, and that the former husband had reached an age at which he would like to retire.
The former husband is now 65. His ability to work as a translator has declined with age. In addition, his ability to breed Dogo Argentinos, dogs weighing one hundred pounds, has declined. If he retires, he will receive $1,149 a month from Social Security.
The trial court entered an order modifying alimony. The factual findings in that order are undisputed. The trial court found, as follows:
1. There has been a substantial, material, permanent, sufficient, involuntary change of circumstances since the dissolution of marriage, which entitles the Former Husband to a reduction in the amount of permanent periodic alimony payable to the Former Wife. The change of circumstances is the Former Husband's retirement from his work as a Court interpreter and dog breeder, brought about by his achieving the normal retirement age of 65 years. The Former Husband has not yet officially retired, but intends to do so in the immediate future. Retirement will reduce his income to the point where payment of $1,000 per month permanent periodic alimony will not be possible. His financial affidavit (Husband's exhibit 3) shows a present net monthly income of $1,149 gross per month. His dog breeding business, formerly a source of income, now appears to be a money-losing proposition, with little prospect of returning to profitability. The Former Husband has no other sources of income.
2. The Former Wife is 45 years of age. For the last three to four years, the Former Wife has been engaged to marry Mr. Camp. Since approximately the date of dissolution of marriage, Mr. Camp has rented a house for the Former Wife and her children, paying all *974 expenses for same. For the past five years, the Former Wife and Mr. Camp have lived together. Mr. Camp pays all of the bills for the Former Wife, and paid all expenses for the Former Wife's children while they were minors. The Former wife has no income, and does not work outside the home for pay. She is a volunteer worker at her church, and travels with Mr. Camp on occasion to various destinations connected with his business. Upon considering the evidence presented at hearing, and the factors set forth in Florida Statute 61.14, it is clear that a long-term supportive relationship between Mr. Camp and the Former Wife has existed since shortly after the dissolution of marriage, which would entitle the Former Husband to a reduction of permanent periodic alimony payable to the Former Wife.
Based on these findings, the trial court reduced the former husband's alimony obligation to $350 per month, effective on his official retirement.
The abuse of discretion standard of review applies to an order on a motion to modify alimony. Woolf v. Woolf, 901 So.2d 905, 911 (Fla. 4th DCA 2005). Permanent periodic alimony is designed to provide the necessities of life to the former spouse as they have been established by the marriage of the parties. Id. The primary criteria for establishing the amount of alimony is the husband's ability to pay and the wife's needs, with regard to the standard of living during the marriage. McBride v. McBride, 352 So.2d 1254, 1256 (Fla. 1st DCA 1977).
By statute, where there is a change of circumstances, either party may apply for an increase or decrease in alimony "with due regard to the changed circumstances or the financial ability of the parties." § 61.14, Fla. Stat. (2006); see also Woolf, 901 So.2d at 912. In petitioning to modify alimony, the moving party must show three fundamental prerequisites:
First, there must be a substantial change in circumstances. Second, the change was not contemplated at the time of final judgment of dissolution. Third, the change is sufficient, material, involuntary, and permanent in nature.
Pimm v. Pimm, 601 So.2d 534, 536 (Fla. 1992) (citations omitted).
Sixty-five is the presumptive age of retirement which can support a modification of alimony. Id. at 537. However, even at the age of sixty-five, a payor spouse cannot unilaterally choose voluntary retirement "if this choice places the receiving spouse in peril of poverty." Id. The court must consider the impact the termination or reduction in alimony will have on the receiving spouse. Id.
In Reno v. Reno, 884 So.2d 462, 464 (Fla. 4th DCA 2004), we determined that the former husband demonstrated a substantial change of circumstances warranting a reduction in alimony where the former wife's fiancé was paying for almost all of her living expenses. Citing Dibartolomeo v. Dibartolomeo, 679 So.2d 72, 72-73 (Fla. 4th DCA 1996), we stated that cohabitation may justify the elimination of alimony, "depending on how the new living situation has impacted the alimony recipient's financial condition and continued need for alimony." Reno, 884 So.2d at 465.
Since Reno, the legislature has adopted section 61.14(1)(b)1., Florida Statutes (2006). That section permits the courts to reduce or terminate an award of alimony upon specific written findings by the court that since the granting of the divorce and the award of alimony a "supportive relationship" has existed between the receiving spouse and a person with whom that spouse resides. The statute requires the trial court to look at various factors in deciding whether a supportive relationship *975 exists. The legislature summarizes the purpose of this statute, as follows:
This paragraph recognizes only that relationships do exist that provide economic support equivalent to a marriage and that alimony terminable on remarriage may be reduced or terminated upon the establishment of equivalent equitable circumstances as described in this paragraph.
§ 61.14(1)(b)3., Fla. Stat. (2006). In this case, the trial court found that such a supportive relationship exists. That ruling has not been cross-appealed.
The issue here is very straightforward. The former husband argues that when he soon retires he will receive only $1,149 a month in income and will be unable to pay alimony. Moreover, the former wife's expenses are all paid by her fiancé and she no longer has a need for alimony. Under these circumstances, the former husband argues that the trial court abused its discretion in failing to completely terminate his alimony obligation, instead of merely reducing it to $350 per month. This amount is still roughly one-third of his bare subsistence income. We agree and reverse and remand this matter to the trial court to reduce the former husband's alimony obligation to $1 per year. The $1 award will allow the trial court to retain jurisdiction to consider modification should the parties' circumstances substantially change in the future. See Munger v. Munger, 249 So.2d 772 (Fla. 4th DCA 1971).
Reversed and Remanded.
WARNER, and GROSS, JJ., concur.