PER CURIAM.
Affirmed. See C.J. v. Dep’t of Children & Family Servs., 9 So.3d 750, 755 (Fla. 2d DCA 2009) (holding that when an issue is tried by implied consent, due process concerns are alleviated; noting that “[ijmplied consent arises when arguments and evidence are presented on the issue without objection by the opposing party”); Foerster v. Foerster, 885 So.2d 927, 929 (Fla. 2d DCA 2004) (“Florida courts have repeatedly held that it is a violation of a parent’s due process rights for a court to modify visitation in a final judgment unless the *213 issue of modification is properly presented to it by written pleadings, noticed to the parties, or litigated below.”) (emphasis added); Todaro v. Todaro, 704 So.2d 138, 139 (Fla. 4th DCA 1997) (holding that “when issues not raised by the pleadings are tried by implied consent, they are to be treated as if they had been raised in the pleading”; finding that issue regarding child support reduction was not tried by implied consent where ex-wife “objected to the trial court hearing evidence on matters that were not properly pled”); Brickell Station Towers, Inc. v. JDC (Am.) Corp., 549 So.2d 203, 203 (Fla. 3d DCA 1989) (“In granting relief which was neither requested by appropriate pleadings, nor tried by consent, the trial court entered the order in violation of ... due process rights.”) (emphasis added).