# Third District Court of Appeal

## State of Florida

Opinion filed August 24, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-740
Lower Tribunal No. 15-659-P
_____

**Nicole Kraus,**
Appellant,

vs.

**Thomas Kraus,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Luis Garcia, Judge.

Thomas-McDonald Law Firm, P.A., and Aislynn Thomas McDonald, for appellant.

Twig, Trade, & Tribunal, PLLC, and Morgan L. Weinstein (Fort Lauderdale), for appellee.

Before LOGUE, LOBREE, and BOKOR, JJ.

LOGUE, J.

We affirm both the trial court's denial of Appellant's, Nicole Kraus ("former wife"), motion for judgment on the pleadings, and the trial court's order granting Appellee's, Thomas Kraus ("former husband"), Third Supplemental Petition for Modification of Alimony.

The trial court properly denied the former wife's motion for judgment on the pleadings.[1] "A motion for judgment on the pleadings must be decided wholly on the pleadings and is granted only if the pleadings establish that the movant is entitled to judgment as a matter of law." Perez Escalona v. City of Miami Beach, 227 So. 3d 722, 724 (Fla. 3d DCA 2017) (internal quotations omitted).

Section 61.14, Florida Statutes (2022), "gives an ex-spouse the right to file a petition for an increase in alimony where 'the circumstances or the financial ability of either party has changed.'" Bedell v. Bedell, 583 So. 2d 1005, 1007 (Fla. 1991) (quoting § 61.14, Fla. Stat.). The former husband's petition alleged that the former wife discharged the marital debt she assumed pursuant to the marital settlement agreement. It further alleged that this discharge both increased her ability to pay alimony by reducing her own debt, and financially injured the former husband by leaving him open to

---

[1] We review a trial court's order denying a motion for judgment on the pleadings de novo. Walker v. Figarola 59 So. 3d 188, 190 (Fla. 3d DCA 2011).

subsequent tax issues. Pursuant to <u>Bedell</u>, this alleged change in the former wife's ability to pay was sufficient to petition for a modification of alimony.

The trial court was permitted to consider evidence of financial hardship due to the former husband's medical condition and loss of income. The former wife argues that these issues were not included in the pleadings and therefore the trial court's consideration of such evidence was a violation of the former wife's right to fair notice. "Under Florida law, a trial court is without jurisdiction to hear and determine matters which are not the subject of appropriate pleadings and notice." <u>Todaro v. Todaro</u>, 704 So. 2d 138, 139 (Fla. 4th DCA 1997) (internal quotations omitted). However, "when an issue is tried by implied consent, due process concerns are alleviated." <u>Nisr v. Barakat</u>, 88 So. 3d 212, 212 (Fla. 3d DCA 2011). "Implied consent arises when arguments and evidence are presented on the issue without objection by the opposing party." <u>C.J. v. Dep't of Children & Family Servs.</u>, 9 So. 3d 750, 755 (Fla. 2d DCA 2009).

The former husband's financial hardship due to his medical condition and loss of income were tried by consent. The former wife not only failed to object to the introduction of this testimony in the hearing, but specifically engaged in questioning regarding the former husband's heart condition and

his loss of income. Because these issues were tried by consent, it was not error for the trial court to consider them in its order.

Finally, the trial court's order modifying alimony was supported by competent substantial evidence.[2] The former husband presented testimony and evidence that the former wife relieved herself of her obligation to assume the marital debt by filing for bankruptcy, and that her salary had considerably increased, constituting a permanent and substantial change in her ability to pay alimony.

Affirmed.

---

[2] "A trial court's Order regarding modification of alimony may not be disturbed on appeal in the absence of a showing of a clear abuse of discretion." Lopez v. Lopez, 920 So. 2d 1165, 1167 (Fla. 3d DCA 2006). Generally, an appellate court will not disturb a trial court's modification of alimony that is supported by competent substantial evidence. See Driggers v. Driggers, 127 So. 3d 762, 764 (Fla. 2d DCA 2013).