994 So.2d 484 (2008)
James BEEBE, Appellant,
v.
Lillie R. ROMAN f/k/a Lillie R. Beebe, Appellee.
No. 5D08-441.
District Court of Appeal of Florida, Fifth District.
November 7, 2008.
Linda D. Schoonover, of Linda D. Schoonover, P.A., Lake Mary, for Appellant.
Paul Kwilecki, Jr., Daytona Beach, for Appellee.
EVANDER, J.
James Beebe timely appeals from a final judgment dissolving his marriage to Lillie R. Roman, f/k/a Lillie R. Beebe. He contends that the trial court's award of permanent periodic alimony to Lillie was based on an improper intent to "automatically" equalize the parties' net income. We disagree with James' characterization of the trial court's actions.
The parties were married for approximately 15½ years. At the time of the trial, James was 78 and Lillie was 74 years old. Both parties were retired. James' retirement income was less than $1,900 net/month. Lillie's only source of income was her social security benefits  $459 net/month.
After equitably dividing the parties' limited assets, the trial court determined that Lillie was entitled to an award of permanent periodic alimony. This determination was made only after the trial court had made detailed findings as to the factors required to be considered, pursuant to sections 61.08(1) and (2), Florida Statutes (2007), prior to the award or denial of alimony. The trial court correctly rejected James' suggestion that Lillie did not need alimony because of the assistance she was temporarily receiving from her son.
In determining the alimony amount, the trial court observed that both parties had suffered "a substantial and dramatic reduction *485 in their standard of living as a result of the marital breakup" and that an equalization of their net incomes would place both parties "in an equal miserable situation of not having enough money to sustain the lifestyle that they both enjoyed during the course of the marital relationship."
An award of alimony that results in the equalization of income is not per se improper. See, e.g., Sonnenfeld v. Sonnenfeld, 954 So.2d 1279 (Fla. 5th DCA 2007); Naugle v. Naugle, 632 So.2d 1146 (Fla. 5th DCA 1994). An alimony award made after appropriately considering all of the factors set forth in section 61.08(2) will generally be upheld if the amount awarded is not arbitrary, fanciful, or unreasonable. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980); see also Matajek v. Skowronska, 927 So.2d 981, 986 (Fla. 5th DCA 2006). Contrary to James' assertions, this is not a case where the trial court appeared to erroneously believe that the purpose of alimony was to equalize individuals and their different earning capacities. See, e.g., Pirino v. Pirino, 549 So.2d 219 (Fla. 5th DCA 1989). Nor is this a case where the trial court appeared to consider only one or two of the statutory factors. See, e.g., Kennedy v. Kennedy, 622 So.2d 1033 (Fla. 5th DCA 1993). Rather, the record reflects that the trial court determined that an alimony amount that would result in the equalization of the parties' income was appropriate only after considering all of the factors set forth in section 61.08(2). Furthermore, we cannot conclude that the alimony amount awarded by the trial court constituted an abuse of discretion.
We do agree, however, with James' contention that the trial court made a mathematical error in determining James' net income. Correction of the error would result in an alimony award of $699.85/month, not $727.90/month. On remand, the trial court is directed to correct this error. The final judgment is otherwise affirmed.
AFFIRMED in part; REVERSED in part; REMANDED.
GRIFFIN and SAWAYA, JJ., concur.