VILLANTI, Judge.
 

 Benjamin Turner Boone, the former husband appeals the trial court’s order reducing but not terminating his alimony obligation to Luana Faye Boone, the former wife. We reverse and remand.
 

 Initially, we note that the final hearing on the former husband’s petition for modification was not transcribed. Without a transcript, this court’s review is limited to any errors that appear on the face of the trial court’s order.
 
 See Marshall v. Marshall,
 
 953 So.2d 23, 25 (Fla. 5th DCA 2007) (“In the absence of an adequate transcript on appeal, a judgment that is not fundamentally erroneous must be affirmed.”). Because in this case error is apparent on the face of the trial court’s order, we reverse.
 
 See Schmidt v. Schmidt,
 
 997 So.2d 451 (Fla. 2d DCA 2008) (reversing trial court’s order despite lack of trial transcript where error was apparent on the face of the judgment).
 

 The record reflects that the parties’ marriage was dissolved in 1996, with the former wife receiving an award of permanent alimony of $800 monthly. The alimony award was modified in 2003, from $800 to $500 monthly. On September 22, 2005, the former husband filed the petition for modification at issue in this appeal, requesting that alimony be terminated. The petition alleged that his health was deteriorating and that he was unable to work as a result of prostate cancer, dementia, and the onset of early Alzheimer’s Disease. On September 19, 2007, the trial court declined to terminate alimony, instead reducing the former husband’s alimony obligation from $500 to $400 monthly. This appeal followed.
 

 Once a party’s entitlement to permanent alimony has been established, the primary basis for establishing the amount of alimony is the needs of one spouse and the ability of the other spouse to pay.
 
 Gildea v. Gildea,
 
 593 So.2d 1212, 1213 (Fla. 2d DCA 1992);
 
 Schlesinger v. Emmons,
 
 566 So.2d 583, 584 (Fla. 2d DCA 1990) (noting that same criteria apply in alimony modification proceedings);
 
 Laurenzo v. Laurenzo,
 
 522 So.2d 1065, 1066 (Fla. 3d DCA 1988) (stating that, in modification proceedings, the receiving spouse’s needs and the paying spouse’s ability to pay are “still the most important factors”). In this case, the trial court’s order reflects that, at the time of the final hearing, the former husband was sixty-nine years old and the former wife was sixty-five years old. The financial affidavit filed by the former wife prior to the final hearing reflected net income of $844.67 and expenses
 
 *405
 
 of $905, for a deficit of $60.33.
 
 [1]
 
 However, the income reflected in the former wife’s affidavit did not include alimony payments, which the trial court’s order later set at $400 monthly. The trial court’s order reflects that the former wife testified at the final hearing that she was receiving an additional $450 monthly in Social Security benefits which were not reflected in her financial affidavit. When the $400 alimony award and the $450 Social Security benefits are taken into account, the former wife has a surplus of approximately $790 per month. Thus, based on the affidavits and testimony received by the trial court, the former wife does not
 
 need
 
 alimony.
 
 See Zeballos v. Zeballos,
 
 951 So.2d 972, 975 (Fla. 4th DCA 2007) (holding that trial court erred in not reducing alimony award to $1 where record reflected that wife did not need alimony).
 

 By contrast, the former husband’s financial affidavit reflected Social Security income of $747 and expenses of $877.12, for a deficit of $130.12
 
 before
 
 paying alimony. After paying $400 in alimony, the former husband’s deficit would be $530. Therefore, the former husband’s financial situation is worse than the former wife’s. The order failed to make any specific findings regarding the former wife’s need or the former husband’s ability to pay alimony, and the record does not otherwise support a finding that the former husband has the ability to pay $400 monthly in alimony. Thus error is apparent on the face of the trial court’s order.
 

 Moreover, we note that the trial court’s order found a “substantial change of circumstances”
 
 [2]
 
 but reduced monthly alimony by only $100, from $500 to $400. The court did not explain how it arrived at this amount. The decision to reduce alimony by only $100 is inconsistent with the court’s findings regarding the former husband’s ailing health and the parties’ respective incomes. Although the order mentioned that the court considered the fact that the former husband’s current wife was contributing to his living expenses, it did not explain how that consideration affected the court’s ruling. Given the facts and the parties’ financial affidavits, the trial court’s order making a minimal reduction of alimony is inconsistent on its face.
 

 On comparable facts, the Fourth District in
 
 Zeballos
 
 reversed a similar order and instructed the trial court to enter an order reducing that husband’s alimony obligation to $1 per year. 951 So.2d at 975. Likewise, we reverse and remand for the trial court to enter an amended order reducing alimony to $1 per year.
 

 Reversed and remanded.
 

 NORTHCUTT, C.J., and DAVIS, J., concur.
 

 [1]
 

 . The trial court's order noted that, while the former wife was unemployed at the time of the final hearing, she would be returning to work soon.
 

 [2]
 

 . This finding has not been challenged on appeal, and the record supports the finding, as the husband's deteriorating health renders him unable to work.