POLEN, J.
Robert Hahn appeals the final order of the trial court, modifying his obligation to pay permanent monthly alimony to his former wife, Diana Hahn. Mr. Hahn sought a downward modification from his $1,000 per month alimony payment, based on change in circumstances. The trial court approved the general magistrate’s recom *347 mendation to reduce the alimony to $450 per month. Mr. Hahn now argues the reduction was insufficient. We agree and reverse.
A final judgment of dissolution was entered on June 2, 1998, which incorporated the parties’ agreement for Mr. Hahn to pay permanent alimony of $2,200 per month. Subsequently, a final agreed order was entered, reducing the monthly alimony to $1,000. Mr. Hahn then filed a petition to modify the $1,000 monthly alimony, which is the subject of this appeal. After a final hearing, the magistrate made the following findings:
1. The Former Wife has been unemployed since March 2009, making approximately $1,200.00 per month in unemployment benefits.[1] The Former Wife is 61 years old and has been making efforts to obtain employment without success. The court finds that her unemployment is not purposeful.
2. The Former Wife complains of physical ailments that limit her ability to obtain employment. The Former Wife has not applied for social security disability benefits.
3. The Former Wife has the need for alimony.
4. The Former Husband is 69 years old and had his own carpet cleaning business since prior to the parties’ dissolution of marriage in 1998. The Former Husband is in the process of winding down his business and retiring. The Former Husband is no longer able to earn what he did previously. The Former Husband’s age and health prohibit him from the physical demands of moving furniture and carrying the heavy equipment that is associated with the carpet cleaning business. Further, due to the economy the Former Husband has experienced a severe lack of work due to his prior customers cleaning their own carpets instead of hiring him to clean the carpets.
5. The Former Husband’s testimony was credible. There has been a downturn in his business due to lack of work available to him.
6. Due to the Former Husband’s age, his physical inability to continue working in the carpet cleaning business, and the downturn of the market, the Former Husband’s decision to retire is not inappropriate at the age of 69 years old based on Pimm v. Pimm, 601 So.2d 534 (Fla.1992).
7. The Former Husband has social security income of $1,508.00 per month. Prior to retirement he was earning $200.00 per month on average from the carpet cleaning business. The Former Husband has approximately $2,000.00 in his checking account which he testified is earmarked for making his car payment of $444.00 per month and his supplemental health insurance premium of $405.00 for the months of November and December 2009. The Former Husband has no retirement accounts. The Former Husband has a work van that is worth $1,500.00 that he is attempting to sell. He also has carpet cleaning equipment valued at approximately $2,000.00.
*348 8. The Former Husband testified that he has not been able to contribute anything towards his mortgage payment, property taxes or utilities at the residence that he shares with his significant other. That residence is owned by the Former Husband and his significant other. The Former Husband and his significant other are obligated to pay the mortgage pursuant to the terms of the mortgage.
9. The Former Wife has very little money in the bank, but has retirement accounts of over $33,000.00 at the time of the trial. The Former Wife was earning over $35,000.00 per year prior to being unemployed in March 2009.
10. The Former Husband’s change in circumstances are substantial, permanent and unanticipated. The Former Husband has the ability to pay $450.00 per month in alimony to the Former Wife and his obligation to pay alimony to the Former Wife is therefore reduced to $450.00 per month retroactive to April 13, 2009, the date of the filing of his Petition for Modification. The court finds that the Former Husband will have the ability to pay this amount in part when he sells his work van and carpet cleaning equipment.
11. The Former Husband retained counsel to represent him in this matter. The Former Husband’s counsel expended 12.93 hours in representing the Former Husband in these modification of final judgment proceedings at a rate of $275.00 per hour. The court specifically finds that the number of hours expended and the hourly rate are reasonable.
12. The Former Wife does not have the ability to contribute anything toward Former Husband’s attorney’s fees and his request for attorney’s fees is hereby denied.
13. The Former Husband does not have assets available to him to meet his entire alimony obligation. The court reserved on a finding concerning the Former Husband’s debts.
14. The Former Husband’s amended financial affidavit indicates that he has total monthly expenses of $2,174.00 per month without making contributions to the mortgage property taxes or utilities of the residence that he shares with his significant other. If the Former Husband eliminates his contributions to religious organizations in the amount of $100.00 per month[2] and no longer pays liability insurance and automobile insurance for his business totaling $200.00 per month, the Former Husband would have the ability to pay $450.00 in alimony to the Former Wife.
15. The Court defers on calculation of any arrearages and prepayment of same for a subsequent hearing.
Mr. Hahn filed exceptions to the general magistrate’s report, which were denied. This appeal followed. On appeal, Mr. Hahn argues that because the magistrate’s specific findings demonstrate that his monthly expenses exceed his monthly income, it is not reasonable to require him to pay $450.00 per month in alimony. Trial court orders modifying alimony are reviewed for abuse of discretion. Woolf v. Woolf, 901 So.2d 905, 911 (Fla. 4th DCA *349 2005). “Three prerequisites are required for a modification of alimony: 1) a substantial change in circumstances; 2) that was not contemplated at the time of final judgment of dissolution; and 8) is sufficient, material, involuntary, and permanent in nature.” Damiano v. Damiano, 855 So.2d 708, 710 (Fla. 4th DCA 2008). “Once a party’s entitlement to permanent alimony has been established, the primary basis for establishing the amount of alimony is the needs of one spouse and the ability of the other spouse to pay.” Boone v. Boone, 3 So.3d 403, 404 (Fla. 2d DCA 2009).
In Boone, the former husband appealed the trial court’s order reducing but not terminating his alimony obligation. Boone, 3 So.3d at 404. The former husband filed a petition for modification, requesting that alimony be terminated because the former husband’s health was deteriorating and, as a result, he was unable to work. Id. The financial affidavit filed by the former wife prior to the final hearing reflected net income of $844.67 and expenses of $905, for a deficit of $60.33. Id. at 404-05. The trial court declined to terminate alimony, and instead reduced the alimony from $500 to $400, and the former husband appealed. Id. at 404.
On appeal, the Second District found that the income reflected in the former wife’s financial affidavit did not include monthly alimony payments ($400) or $450 per month in Social Security benefits. Id. at 405. Taking these figures into account, the court determined that the former wife had a monthly surplus of about $790. Id. By contrast, the former husband’s financial affidavit reflected a monthly deficit of $130.12 before paying alimony and a deficit of $530 after paying the alimony. Id. The court noted that the trial court’s order found a “substantial change of circumstances,” but that the trial court reduced the alimony by only $100, without explaining how it arrived at this amount. Id. As such, the court held that the decision to reduce alimony by only $100 was inconsistent with the court’s findings regarding the former husband’s ailing health and the parties’ respective incomes. Id. Moreover, although the order mentioned that the trial court considered the fact that the former husband’s current wife was contributing to his living expenses, it did not explain how that consideration affected the trial court’s ruling. Id. Consequently, the Boone court held that the trial court’s order making a minimal reduction was inconsistent on its face. Id.
Here, if the trial court’s recommendations were followed, Mr. Hahn would eliminate $100 per year (religious contribution) and $200 per month (automobile insurance for his business vehicle); this would save Mr. Hahn $208.33 a month. According to Mr. Hahn’s amended financial affidavit, he has a total monthly income of $1,708 and total monthly expenses totaling $2,174, for a total monthly deficit of $466.00. Eliminating the items recommended by the trial court, in the amount of $208.33 per month, would make Mr. Hahn’s total monthly deficit $257.67. However, because the trial court recommended that Mr. Hahn eliminate his $200/ month business vehicle insurance, it had to have implicitly found that Mr. Hahn had indeed retired. Thus, the income generated from his business would have to be subtracted from his monthly income. Consequently, his monthly income would be $1,508. Offsetting Mr. Hahn’s monthly expenses ($2,174) from his new monthly income of $1,508 leaves a monthly deficit of $666. Then, factoring the trial court’s recommended elimination of monthly expenses ($208.33), Mr. Hahn’s monthly deficit would be $457.67. The math does not *350 support the finding that Mr. Hahn can afford to pay $450 per month.
Based on the parties’ financial affidavits and the magistrate’s undisputed findings, we hold that the trial court abused its discretion by reducing Mr. Hahn’s monthly alimony obligation to $450. We remand this cause to the trial court with instructions to either eliminate Mr. Hahn’s alimony obligation altogether or to reduce the alimony obligation to a nominal amount in order to retain jurisdiction to modify the award upon a subsequent showing of a substantial change in circumstances.
Mr. Hahn argues next that because the lower court specifically found that he had total assets of $5,500.00, consisting of $2,000.00 in cash and $3,500.00 in equipment, and that Ms. Hahn has retirement accounts of over $33,000.00, Ms. Hahn has a far superior ability to pay Mr. Hahn’s attorney’s fees.
An award or denial of attorney’s fees will not be reversed absent an abuse of discretion. Woolf, 901 So.2d at 914. “The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter....” §61.16(1), Fla. Stat. (2009). “In determining whether to make attorney’s fees and costs awards at the appellate level, the court shall primarily consider the relative financial resources of the parties.... ” Id. The purpose of this statute is to ensure that both parties will have a similar ability to obtain legal counsel, and the financial resources of the parties are the primary factor to be considered. Woolf, 901 So.2d at 914 (citing Rosen v. Rosen, 696 So.2d 697, 699-700 (Fla.1997)). A significant purpose of section 61.16 “is to assure that one party is not limited in the type of representation he or she would receive because that party’s financial position is so inferior to that of the other party.” Rosen, 696 So.2d at 699.
Here, neither party is limited in the type of representation he or she would receive because of his or her financial situation. Neither party’s income is so inferi- or to that of the other party. Ms. Hahn is currently unemployed and has a total monthly income of $1,200, which she is drawing from her retirement account on a monthly basis to cover her monthly expenses and health care related expenses. Because she is not currently employed, it can be expected that this account will be further depleted in the future. While Mr. Hahn does not have any retirement accounts, he does have $1,508 in monthly income as well as $3,500 worth of assets that he intends to sell. Thus, the trial court did not abuse its discretion in denying Mr. Hahn’s request for attorney’s fees as both parties are in relative financial parity; although each party seemingly has a need, the record reflects that neither party has the ability to pay the other party’s attorney’s fees.

Reversed.

WARNER and CONNER, JJ., concur.

. It appears from the record that this income is actually being derived from Ms. Hahn’s retirement account.

. Mr. Hahn actually testified that he pays $ 100 per year.