DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**DENNIS L. ALBU,**
Appellant,

v.

**DEBORAH ALBU,**
Appellee.

No. 4D13-3558

[November 19, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas Barkdull, III, Judge; L.T. Case No. 502007DR001043XXXXMB.

Dennis Albu, Delray Beach, pro se.

Deborah Albu, Greenacres, pro se.

WARNER, J.

In this marital dissolution case, the former husband appeals an order granting his petition to modify the alimony he pays to his former wife. Although finding a substantial change of circumstances, the trial court reduced the alimony owed instead of terminating it entirely. The former husband claims that because he does not have the ability to pay, the trial court should have terminated his alimony obligation. He contends the trial court improperly equalized the income between the parties. We disagree, as the former wife was solely dependent upon the alimony for support, and the court's choice to reduce alimony rather than eliminate it was not an abuse of discretion.

The parties divorced in 2007 after a long-term marriage in which the wife never worked outside the home. The final judgment incorporated a marital settlement agreement in which the former husband agreed to pay the former wife $2,000 per month in alimony until she remarried or either party died. Because of the former wife's poor health, he also agreed to pay $80 per month towards the former wife's prescription drug costs.

The former husband did not keep current with his alimony obligation and was held in contempt several times in 2009 and 2010. As of February 2011, he was in arrears in excess of $20,000. The former wife also had to seek medical coverage through the Health Care District, which paid for her prescription for insulin required by her diabetes. But the drugs eventually became so expensive that the District could no longer pay for them.

In October 2012, the former husband filed a petition to terminate or reduce alimony because of a substantial change in circumstance. He explained that he had suffered a severe heart attack in August 2011 and had been declared disabled by the Social Security Administration. His former business was involuntarily closed, because he could no longer perform the physical work it required. The wife filed an objection, and the case proceeded to an evidentiary hearing before a magistrate.

After hearing testimony from both of the parties, the magistrate made the following detailed findings of fact, which were accepted by the trial court over the former husband's objections. The former husband's heart attack, and the resulting loss of his business, caused a significant drop in the $120,000 yearly income the husband was making at the time of the dissolution. He now received Social Security disability benefits of $1,949 per month, from which $900 was deducted for his alimony obligation. The former wife's sole source of income was alimony from the former husband, and she was totally dependent upon it. She could not qualify as yet for any form of Social Security payments, although when she turns 62 she can receive payments based upon her former husband's Social Security. She was 60 years old at the time of the petition for modification. The court found, "[h]er need for financial assistance in the form of alimony continues unchanged since the entry of the final judgment."

The court acknowledged that the loss of the business constituted a "substantial, material and permanent change of circumstances," which required a modification of alimony. Nevertheless, the court determined "this finding must be balanced against the Former Wife's total dependence on the alimony." It concluded in these circumstances, the parties "should be placed on approximately equal ground." It then reduced the alimony obligation to $900 per month, the amount the former husband was already paying. In addition, it eliminated his obligation to maintain health insurance and to pay the $80 per month towards the former wife's medical prescriptions. The court also authorized the former husband to petition again for modification once the former wife starts to receive Social Security payments.

In this appeal, the former husband argues that the alimony should have been terminated rather than reduced, because his income of $1,949 did not meet his expenses of $1,955. In making this claim, he completely ignores the fact that if alimony were terminated, the former wife would have no income and thus could cover none of her own expenses. Based on the circumstances of this case, the trial court did not abuse its discretion in reducing the alimony obligation to $900.

"To warrant a modification of alimony, the party seeking the change must prove '1) a substantial change in circumstances; 2) that was not contemplated at the time of the final judgment of dissolution; and 3) is sufficient, material, involuntary, and permanent in nature.'" *Koski v. Koski*, 98 So. 3d 93, 95 (Fla. 4th DCA 2012) (quoting *Damiano v. Damiano*, 855 So. 2d 708, 710 (Fla. 4th DCA 2003)). Nevertheless, the need of one spouse and the ability to pay of the other spouse continue to be the most important factors to consider in modification proceedings. *Boone v. Boone*, 3 So. 3d 403, 404 (Fla. 2d DCA 2009). In determining the extent of modification, the trial court should consider those factors listed in section 61.08, Florida Statutes, to the extent that they are relevant in a modification proceeding. *See Donoff v. Donoff*, 940 So. 2d 1221, 1223 (Fla. 4th DCA 2006). These factors include each party's financial resources, earning capacities, employability, and sources of income. *See* § 61.08(2)(a)-(j), Fla. Stat. (2012). The appellate court reviews an order on a motion to modify alimony based on an abuse of discretion standard. *Garvey v. Garvey*, 138 So. 3d 1115, 1118 (Fla. 4th DCA 2014).

Here, the trial court considered these factors when it concluded that the former wife had no other source of income, yet the former husband had some income. Clearly, neither party could meet their expenses with his level of income. The former wife had never worked, and both parties had substantial medical problems. Given these factors, the trial court's efforts to provide some support to the wife by approximately dividing the income (although the former husband still receives more than the former wife) is not an abuse of discretion.

This case is most similar to *Beebe v. Roman*, 994 So. 2d 484 (Fla. 5th DCA 2008), which involved the award of alimony in a 15 ½ year marriage. Both parties were retired and of advanced age. The husband's retirement income was less than $1,900 per month, and the wife received social security benefits of $459 per month. After dividing the meager assets, the trial court awarded alimony to the wife and equalized the parties' incomes. The appellate court quoted the trial court's reasoning:

In determining the alimony amount, the trial court observed that both parties had suffered "a substantial and dramatic reduction in their standard of living as a result of the marital breakup" and that an equalization of their net incomes would place both parties "in an equal[ly] miserable situation of not having enough money to sustain the lifestyle that they both enjoyed during the course of the marital relationship."

*Id.* at 484-85. The court then noted, "[a]n award of alimony that results in the equalization of income is not *per se* improper." *Id.* at 485. The trial court in *Beebe* had not equalized the parties' income without regard to the factors of need and ability contained in section 61.08, Florida Statutes. Instead, the court had determined that equalization was appropriate after applying those factors. The Fifth District held, "[w]e cannot conclude that the alimony amount awarded by the trial court constituted an abuse of discretion." *Id.* at 485.

*Hahn v. Hahn*, 66 So. 3d 345 (Fla. 4th DCA 2011), on which the former husband relies, is distinguishable. In *Hahn*, the former wife received $1,000 per month in alimony from the former husband. The former husband petitioned for modification due to his pending retirement and downturn in his business. The evidence showed that he had approximately $1,500 in income, nearly $2,200 in expenses, and no liquid assets. The former wife, on the other hand, had been working at a job making $35,000 a year but was unemployed, receiving $1,200 in unemployment compensation. She also had retirement accounts of $33,000. She had not applied for social security disability benefits, although she claimed she was unable to obtain employment. Under these circumstances, we held that the trial court's reduction of the husband's alimony to $450 per month was an abuse of discretion, and we remanded for the trial court to either eliminate alimony or reduce it to a nominal amount. *Id.* at 350. The former wife in *Hahn* had an income approximating the former husband's, as well as prospects for continued employment or social security disability. In contrast, in this case the former wife had no income and no ability to generate income.

The former husband also relies on *Rosecan v. Springer*, 845 So. 2d 927 (Fla. 4th DCA 2003), in claiming that "[i]t is against the law to order or authorize income sharing as a basis to set an appropriate amount of alimony." He misreads *Rosecan.* In that case we said, "The purpose of permanent periodic alimony is not to divide future income to establish financial equality. *It 'is to provide for the needs and necessities of life for a former spouse, as they were established during the marriage of the*

4

*parties.'" Id.* at 929-30 (quoting *Mallard v. Mallard*, 771 So. 2d 1138, 1140 (Fla. 2000)) (emphasis added). We also explained that *Mallard* forbade the use of alimony "as a tool to forge economic equality *without regard to the needs of the recipient spouse.*" *Id.* at 930 (emphasis added). Here, there is no question that the former wife is totally dependent upon alimony for her support. There is no proof that she has any ability to work, and she has substantial medical disabilities. The parties are essentially in the same position with respect to their needs. There is no reason that the former wife should be left completely destitute, and the former husband have all of the resources available to both parties. Just as in *Beebe*, both parties are "in an equal[ly] miserable situation of not having enough money to sustain the lifestyle that they both enjoyed during the course of the marital relationship." *Beebe*, 994 So. 2d at 484-85.

How the trial court balanced the need and ability in this case was appropriate, including leaving open the ability of the former husband to petition for a future reduction should the former wife qualify for social security benefits. No abuse of discretion has been shown.

*Affirmed.*

MAY and CONNER, JJ., CONCUR.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

5