NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ELAINE J. NICHOLSON,            )
                               )
          Appellant,            )
                               )
v.                             )          Case No. 2D15-1222
                               )
DONALD LEE NICHOLSON,           )
                               )
          Appellee.            )
_____)

Opinion filed December 18, 2015.

Appeal from the Circuit Court for Pinellas
County; Amy M. Williams, Judge.

Jane H. Grossman, St. Petersburg, for
Appellant.

No appearance for Appellee.


KHOUZAM, Judge.

          Elaine J. Nicholson appeals the circuit court's order awarding her alimony

from her husband, Donald Lee Nicholson, unconnected with a dissolution of their

marriage.  See § 61.09, Fla. Stat. (2014).  We reverse only because the circuit court

was under the misimpression that it could not consider the husband's social security

benefit as income.  In calculating the support amount, the court explained that it "[did]

not think it [was] appropriate for this court to award federal social security to the spouse."  But to the contrary, section 61.046(8), Florida Statutes (2014), provides that

> "[i]ncome" means any form of payment to an individual, regardless of source, including, but not limited to: wages, salary, commissions and bonuses, compensation as an independent contractor, worker's compensation, disability benefits, annuity and retirement benefits, pensions, dividends, interest, royalties, trusts, and any other payments, made by any person, private entity, federal or state government, or any unit of local government.

And specifically, social security benefits may be considered income for purposes of calculating alimony.  Baker v. Baker, 419 So. 2d 735, 736 (Fla. 1st DCA 1982); see also Boone v. Boone, 3 So. 3d 403, 405 (Fla. 2d DCA 2009) (considering both parties' social security benefits as income in calculating alimony).  Accordingly, we reverse and remand for the court to reconsider the amount of the alimony award in light of this opinion and hold another hearing if necessary.  Cf. Winewica v. Winewica, 436 So. 2d 271, 271 (Fla. 3d DCA 1983) (reversing for another hearing on the amount of alimony to be awarded where the trial court "labored under the misapprehension that the appellee's federal pension could not be considered in awarding alimony").

Reversed and remanded with instructions.

WALLACE and SALARIO, JJ., Concur.