DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHESTER A. BROOKS** and **ARLENE E. BROOKS,**
Appellants,

v.

**BANK OF AMERICA, N.A., SAN REMO HOMEOWNERS COMMUNITY ASSOCIATION, INC.** and **UNKNOWN TENANT/OCCUPANT(S),**
Appellees.

No. 4D14-3337

[May 25, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato, Judge; L.T. Case No. 062013CA002183.

Bruce K. Herman of The Herman Law Group, P.A., Fort Lauderdale, for appellants.

Steven H. Gaddy of Phelan Hallinan Diamond & Jones, PLLC, Fort Lauderdale, for appellee Bank of America, N.A.

STEVENSON, J.

Chester and Arlene Brooks (the "Borrowers") appeal the trial court's order granting final summary judgment of foreclosure in favor of Bank of America, N.A. (the "Lender"). The Borrowers argue the Lender failed to rebut their affirmative defense of failure to comply with conditions precedent to foreclosure. We agree and reverse.

Before a movant is entitled to summary judgment, it "'must either factually refute the alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment.'" *Jelic v. CitiMortgage, Inc.,* 150 So. 3d 1223, 1225 (Fla. 4th DCA 2014) (quoting *Knight Energy Servs., Inc. v. Amoco Oil Co.,* 660 So. 2d 786, 788 (Fla. 4th DCA 1995)). Here, the Borrowers pled the following affirmative defense:

**NO NOTICE OF ACCELERATION:** Plaintiff failed to give Defendant the thirty days written Notice of Acceleration and right to cure any Default as required by and/or that complies with the terms of the

mortgage attached to the Complaint, prior to filing this foreclosure action.

We find that the Borrowers' affirmative defense was legally sufficient and therefore the Lender was required to establish by summary judgment evidence that it complied with the mortgage by sending the requisite notice. *DiSalvo v. SunTrust Mortg., Inc.*, 115 So. 3d 438, 439 (Fla. 2d DCA 2013). The Lender's affidavit did not attach any correspondence that would satisfy the notice requirement and the Lender's affiant did not mention giving notice to the Borrowers prior to acceleration. Based on our *de novo* review of the summary judgment evidence, the Lender failed to establish it provided notice as required by the mortgage.

Because the Lender did not factually refute the Borrowers' legally sufficient affirmative defense of failure to comply with conditions precedent, there was a disputed genuine issue of material fact preventing the entry of summary judgment. *Cobbum v. Citimortgage, Inc.*, 158 So. 3d 755, 758 (Fla. 2d DCA 2015). Accordingly, we reverse the final judgment of foreclosure and remand this case for further proceedings.

*Reversed and remanded.*

GERBER and LEVINE, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**