# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-0758
LT Case No. 2022-DR-011922

_____

EDWARD J. MANGO,

     Appellant,

     v.

KATHLEEN M. MANGO,

     Appellee.

_____

On appeal from the Circuit Court for Brevard County.
James H. Earp, Judge.

Richard J. Feinberg, of Law Office of Richard J. Feinberg, Indialantic,
for Appellant.

Nicholas A. Shannin and Carol B. Shannin, of Shannin Law Firm P.A.,
Orlando, for Appellee.

September 1, 2023

PER CURIAM.

     AFFIRMED.

BOATWRIGHT and KILBANE, JJ., concur.
SOUD, J., concurs with opinion.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

SOUD, J., concurring with opinion.

I concur with this Court's affirmance in this case and write to address Appellant Edward Mango's assertion that the trial court erred by not making written findings on the factors set forth in section 61.08, Florida Statutes (2021),[1] in its Supplemental Final Judgment denying Appellant's Amended Supplemental Petition for Modification of Final Judgment of Dissolution of Marriage.

I.

Appellant, the former husband, and Appellee Kathleen Mango, the former wife, were divorced in 2003 after a twenty-two-plus-year marriage. More than fourteen years thereafter, Former Husband filed his Amended Supplemental Petition seeking to eliminate or reduce the permanent periodic alimony paid to his former wife.

The Final Judgment of Dissolution of Marriage *sub judice* incorporated the parties' marital settlement agreement, and pertinent here, required Former Husband to pay to Former Wife permanent periodic alimony of $750 bi-weekly. Importantly, at trial on Former Husband's amended supplemental petition, Former Husband abandoned his claim that his ability to pay alimony was diminished.[2] Rather, he sought elimination or reduction of his alimony obligation because Former Wife's income had increased more than two-fold during the eighteen years since

---

[1] Subsequent to the trial in this cause, the Florida Legislature in 2023 amended section 61.08, Florida Statutes. The 2023 amendments, even were they to apply to this case, in my view, do not change the analysis or result. Further, and importantly, section 61.14(1)(a), the language of the statute governing modification of alimony that is applicable to this case, remains unchanged.

[2] Former Husband conceded that his retirement from NASA under unique circumstances was voluntary. He also acknowledged income earned in his role as a full-time college professor, in addition to his pension.

the dissolution of the marriage and, as a result, she had an allegedly diminished need for alimony.

Former Wife, however, testified that her standard of living at time of trial was substantially worse than during the marriage. At the time of trial, she was driving a twenty-one-year-old car with approximately 200,000 miles and residing at times with her adult daughter. Further, she had taken no trips for more than three years (the last being a trip to St. Louis after her mother died) and was making minimum payments on her credit cards to ensure she could pay her other bills. Former Wife testified that "all [her] life [was]" was making sure she had enough money to pay her bills. She contrasted her situation with the standard of living she and Former Husband enjoyed during their marriage, agreeing with Former Husband's testimony that they had lived paycheck to paycheck, but explaining that they lived well on his income, going on vacations and keeping season passes to Disney World, and mostly buying new cars.

The trial court entered its Supplemental Final Judgment of Dissolution of Marriage denying Former Husband's Supplemental Petition, finding Former Wife had a continuing need for alimony and Former Husband's ability to pay his ongoing support obligation had not materially decreased. Therein, pertinent here, the trial court made certain findings regarding the parties' respective incomes at the time of dissolution of marriage, the filing of Former Husband's petition, and at the time of trial. The trial court also made findings as to the parties' respective employment and the assets and liabilities of the parties at times pertinent to this case.

II.

The trial court's denial of Former Husband's petition to modify alimony is reviewed for an abuse of discretion. *See Dunn v. Dunn*, 277 So. 3d 1081, 1085 (Fla. 5th DCA 2019).

> Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only

4

> where no reasonable man would take the
> view adopted by the trial court. If
> reasonable men could differ as to the
> propriety of the action taken by the trial
> court, then it cannot be said that the trial
> court abused its discretion.

*Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980) (citation omitted).

Consideration of the trial court's denial of the Former Husband's supplemental petition rightly begins with section 61.14, Florida Statutes, titled "Enforcement and modification of support, maintenance, or alimony agreements or orders." Of course, when interpreting statutes, Florida courts "follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)). This Court also is guided by Justice Joseph Story's view that "every word employed in [a legal text] is to be expounded in its plain, obvious, and common sense, unless the context furnishes some ground to control, qualify, or enlarge it." *Advisory Op. to Governor re: Implementation of Amend. 4, the Voting Restoration Amend.*, 288 So. 3d 1070, 1078 (Fla. 2020) (quoting Joseph Story, *Commentaries on the Constitution of the United States* 157-58 (1833)).

Section 61.14(1)(a), Florida Statutes, provides in part:

> When the parties enter into an agreement
> for payments for, . . . support,
> maintenance, or alimony, . . . or when a
> party is required by court order to make
> any payments, and **the circumstances
> or the financial ability of either party
> changes** . . . either party may apply to the
> circuit court . . . for an order decreasing or
> increasing the amount of support,
> maintenance, or alimony, and the court

has jurisdiction to make orders as equity requires, with **due regard to the changed circumstances or the financial ability of the parties** . . . decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order. . . . Except as otherwise provided in s. 61.30(11)(c), the court may modify an order of support, maintenance, or alimony by increasing or decreasing the support, maintenance, or alimony retroactively to the date of the filing of the action or supplemental action for modification as equity requires, **giving due regard to the changed circumstances or the financial ability of the parties** . . . .

§ 61.14(1)(a), Fla. Stat. (emphasis added). Thus, the express language of the statute requires trial courts to consider the changed circumstances or financial abilities of both parties. The statute is devoid of any specifically identified factors trial courts must consider in giving due regard to the asserted changed circumstances or financial abilities of the parties.

Consistent with this statute, this Court has previously held that to warrant the granting of the Supplemental Petition, Former Husband, as the party seeking modification, was required to establish: "(1) a substantial change in circumstances, (2) that was not contemplated at the time of the final judgment of dissolution, and (3) that is sufficient, material, involuntary, and permanent in nature." *Dunn*, 277 So. 3d at 1085 (citing *Pimm v. Pimm*, 601 So. 2d 534, 536 (Fla. 1992)). Further, "[w]hen faced with a request to modify alimony, a court should consider the parties' income, the payee's need for alimony, and the payor's ability to pay." *Id.*

Based upon the record before this Court, the trial court was well within its discretion to deny the Supplemental Petition, having concluded there was not a legally sufficient change in circumstances. Specifically, the record substantially supports the trial court's finding that Former Wife has a continuing need for

alimony. This is particularly true considering the purpose of permanent periodic alimony, which "is to provide for the needs and necessities of life for a former spouse **as they were established during the marriage of the parties**." *Mallard v. Mallard*, 771 So. 2d 1138, 1140 (Fla. 2000) (citing *Canakaris*, 382 So. 2d at 1201) (emphasis added).

Former Husband argues, *inter alia*, however, that the trial court erred by failing to make specific findings concerning the listed factors set forth in section 61.08, Florida Statutes. These factors are to be considered when the trial court in a dissolution action—having already determined one spouse has need for alimony and the other spouse has the ability to pay alimony—decides the type and amount of alimony to be awarded. *See* § 61.08, Fla. Stat.; *see also* n.3, *infra*. Former Husband's argument fails.

As an initial matter, section 61.14, governing modification of alimony, makes no mention whatsoever of section 61.08 or the findings required thereby. By the express language of section 61.14, the trial court must give "due regard to the changed circumstances or the financial ability of the parties." § 61.14(1)(a), Fla. Stat. Thus, the statute itself provides no requirement that a trial court make findings regarding the 61.08(2) factors that may be relevant to a given case.

Further, it is only after a petitioner establishes a legally sufficient change in circumstances or financial abilities of the parties warranting modification of alimony that Florida courts have required trial courts to specifically consider in writing those relevant factors enumerated in section 61.08(2), Florida Statutes, in determining the **modified amount** of alimony to be awarded. *See Suarez v. Suarez*, 284 So. 3d 1083, 1087 (Fla. 4th DCA 2019) ("Once a party moving for alimony modification provides substantial, permanent, and unanticipated change in circumstances, 'a trial court must consider and make specific factual findings for each of [the] factors [within section 61.08(2)].'"); *see also Befanis v. Befanis*, 293 So. 3d 1121 (Fla. 5th DCA 2020) (holding the former spouse was entitled to modification of alimony based upon requisite showing of legally sufficient change in circumstances, and in light thereof, remanding to trial court for determination of "the amount of alimony based on the

factors set forth in section 61.08(2), Florida Statutes . . . ."); *accord Davis v. Maloch*, 287 So. 3d 689, 694 (Fla. 5th DCA 2019) ("In making an alimony modification [i.e., determining the modified amount of alimony to be granted], the court must look at all relevant factors in section 61.08."); *Albu v. Albu*, 150 So. 3d 1226, 1228 (Fla. 4th DCA 2014) ("In determining the extent of modification, the trial court should consider those factors listed in section 61.08, Florida Statutes, to the extent that they are relevant in a modification proceeding.").[3]

Of course, holding that a trial court is not bound to review the enumerated 61.08(2) factors until it has first concluded a legally sufficient change in circumstances exists, in no way relieves the court of the duty imposed by section 61.14 to determine whether legally sufficient changed circumstances exist. And in giving the due regard required by section 61.14, the trial court will necessarily consider the parties' income, the payee's need for alimony, and the payor's ability to pay. *See Dunn*, 277 So. 3d at 1085, discussed *supra*.

As a result, it is foreseeable that certain evidence pertaining a trial court's consideration of changed circumstances and financial abilities of the parties required in section 61.14 may also be relevant to certain of the factors enumerated in 61.08(2).

---

[3] It is noteworthy that a similar two-step analysis is contemplated in a trial court's initial determination of alimony in a dissolution proceeding. When "determining **whether to award alimony**[,]" section 61.08 requires the trial court to "**first** make a specific factual determination as to whether either party has an actual need . . . and whether either party has the ability to pay alimony[.]" § 61.08(2), Fla. Stat. (emphasis added). If the trial court determines the requisite need for and ability to pay alimony exists, "**then in determining the proper type and amount of alimony** . . . **the court shall consider** all relevant factors, including, but not limited to" those set forth in (a)-(j). *Id.* (emphasis added). *See Reese v. Reese*, 363 So. 3d 1202 (Fla. 6th DCA 2023); *see also Roth v. Roth*, 312 So. 3d 1021, 1029 (Fla. 2d DCA 2021). The 2023 amendment to section 61.08, Florida Statutes, makes this two-step process clear. *See* § 61.08(2)-(3), Florida Statutes (2023).

However, it cannot be claimed as error when a trial court—having determined modification of alimony is **not justified**—does not expressly analyze in writing those factors set forth in 61.08(2), which are to be considered by the court in deciding the amount and type of alimony. Where, as here, a trial court finds no legally sufficient change in circumstances exists to warrant modification of alimony, the trial court need not further expressly consider the factors listed in section 61.08(2).

## III.

Accordingly, the Supplemental Final Judgment of Dissolution of Marriage is properly affirmed.