CAMPBELL, Judge.
Appellant Husband was ordered by default judgment to pay appellee Wife a $15,-447.90 money judgment as reimbursement for mortgage payments she made and to pay $1,400.00 in retroactive child support arrears at the rate of $100.00 per month.. He argues on appeal that the court should not have awarded Wife a money judgment and should not have entered that money judgment against him by default without notice. He also argues that the court should not have retroactively awarded Wife $400.00 per month child support. We agree and reverse.
Husband and Wife were divorced on January 13, 1986. The final judgment of dissolution required Husband to pay $200.00 per month child support, granted Husband a thirty-nine percent special equity in the marital home and granted Wife a sixty-one percent special equity in the marital home. The final judgment also required Wife to make all mortgage payments, but provided: “The Wife shall be given a credit at the time of sale for the mortgage payments she makes commencing with the January, 1986 payment, and this credit shall be charged against the Husband’s share in the proceeds from the sale of the home.” The final judgment also retained jurisdiction “for the purposes of enforcement and to make such modification of the Final Judgment as provided by law.”
The parties subsequently entered a “Stipulation of Modification of Child Support,” which the court approved and incorporated into the final judgment of dissolution by order of June 15, 1990. The stipulation provided that, due to a change in circumstances, an upward modification of child support was warranted. However, because Husband had “overextended his finances,” the upward modification to $400.00 per month was to be satisfied as follows:
Husband’s thirty-nine percent special equity in the marital home would net Husband proceeds of approximately $20,000.00, less a $2,000.00 set-off for other sums advanced by Wife. Husband would relinquish his interest in the marital home, and any proceeds from its sale would be applied as follows:
[A] credit [will be applied] to his future child support obligation at the rate of $400 per month until such time as the credit is extinguished. The Husband shall only be afforded a child support credit for the actual net proceeds from the sale of the home (less the $2,000 referred to above) which would otherwise be due him.
Husband’s obligation for child support would remain at $200.00 per month until the home was sold. Three months before Husband’s child support credit was extinguished, the parties would recalculate child support obligations.
Armed with this stipulation, on August 7, 1991, Wife filed a document styled, “Motion to Enforce and/or for Money Judgment.” She alleged that the marital home had sold on April 4,1991, with net proceeds of $44,738.20. Based on her special equity of sixty-one percent and Husband’s special equity of thirty-nine percent, she calculated her interest at $27,290.31 and Husband’s interest at $17,447.90. After deducting the $2,000.00 set-off, Husband’s proceeds were $15,447.90.
Wife’s mortgage payments during the period totalled $30,372.62. Reasoning that since her mortgage payments were to be credited against Husband’s proceeds from *770 the sale, Wife then subtracted Husband’s proceeds from the sale ($15,447.90) from her mortgage payments ($30,372.62) and requested a judgment against Husband for that amount ($14,924.72). She further alleged that Husband had refused to pay $400.00 per month in child support since the sale of the home, resulting in $1,000.00 in arrears due her from April 1991 through August 1991.
On August 22, 1991, Husband was personally served with Wife’s motion, a request for production and a set of interrogatories. On September 26, 1991, Wife moved for and was granted a clerk’s default.
On November 4, 1991, the court entered its “Order Granting Judgment of Default and Granting Former Wife’s Motion to Enforce and for Money Judgment.” The court found the default properly entered, found Husband in arrears $1,400.00, granted Wife’s motion for retroactive modification of child support, entered a money judgment against Husband for $15,447.90, plus interest, and ordered Husband to pay $100.00 per month toward the arrearages.
We observe first that neither the stipulation nor the final judgment of dissolution authorizes the entry of a money judgment against Husband or, for that matter, against Wife. The documents speak only of a credit. No mention is made of either party obtaining affirmative relief against the other. Husband’s share of the home’s proceeds were merely to be used as a credit against child support payments due. Similarly, Wife’s mortgage payments were merely to be used as a credit against Husband’s share of the proceeds. Neither the judgment nor the stipulation either requires or intends Husband to reimburse Wife for her unused credit. We believe the trial court abused its discretion in entering a $15,447.90 money judgment against Husband.
We note parenthetically that the amount of the money judgment, $15,447.90, is not the amount requested by Wife, but reflects the amount Wife calculated Husband's proceeds from the sale to be. We assume that entry of this figure was a typographical error.
In any event, Husband was not properly noticed of the unliquidated money judgment sought to be entered against him. Florida Rule of Civil Procedure 1.440(c) provides that in actions where the damages are not liquidated, the party against whom default is sought must be given notice of the default proceeding. The record here contains no indication of such notice. This alone is reversible error. Lauxmont Farms, Inc. v. Flavin, 514 So.2d 1133 (Fla. 5th DCA 1987). We, therefore, reverse the $15,447.90 money judgment against Husband. For the same reason, we must reverse the $1,400.00 retroactive child support arrears judgment entered against Husband.
However, we affirm the default judgment insofar as it determines Husband’s liability. Florida Rule of Civil Procedure 1.500 provides that the clerk may enter a default when a party against whom “affirmative relief” is sought fails to file or serve a paper in the action. Here, Wife sought enforcement of the prior judgment and/or a money judgment. In seeking a money judgment, Wife sought affirmative relief. Husband’s failure to file any paper in response entitled Wife to seek, and obtain, a default against him, if only as to his liability for making child support payments.
Although we reverse the money judgments here, we do so without prejudice to Wife to bring a properly noticed action for child support arrearages. However, we do not decide the merits of such an action.
RYDER, A.C.J., and BLUE, J., concur.