EVANDER, J.
The husband, Howard Dean Leslie, appeals the entry of a default final judgment of dissolution of marriage after the trial court had struck his pleadings for failure to provide mandatory disclosure and for non-compliance with court orders. The default final judgment included provisions concerning parental responsibility for the parties’ two minor children, time sharing, the parenting plan, child support, equitable distribution of marital assets and liabilities, and attorney’s fees. Although the record before us is limited, it is sufficient to establish that the final judgment was entered notwithstanding a lack of a notice of trial and the failure of the court to take evidence. Accordingly, we reverse.
The striking of the husband’s pleadings did not obviate the need for the wife, Rowena Marie Gray-Leslie, to provide evidence to the court in support of her counter petition. Doane v. Doane, 279 So.2d 46, 47 (Fla. 4th DCA 1973) (holding that in matters of custody and support, “there must be some evidence concerning the parents’ respective financial positions, the needs of the child, and most importantly the child’s welfare and best interests.”); see also Lopez v, Lopez, 920 So.2d 1165, 1167 (Fla. 3d DCA 2006). Furthermore, it is generally improper in a dissolution of marriage action to determine issues regarding the care and custody of minor children by entry of a default because the best interests of the children are the paramount consideration. See Childers v. Riley, 823 So.2d 246, 246-47 (Fla. 4th DCA 2002) (holding that issue of custody should not ordinarily be determined by entering default against one parent); Andrews v. Andrews, 624 So.2d 391, 392 (Fla. 2d DCA 1993). Finally, although the trial court struck his pleadings, the husband was entitled to a notice of trial and an opportunity *382 to be heard.[1] See De La Torre v. Queija, 702 So.2d 293, 294 (Fla. 3d DCA 1997) (holding that trial court erred in granting former wife’s modification of child support because, notwithstanding entry of default, former husband should have still been 'afforded opportunity to be heard and present evidence at hearing regarding amount of his child support obligation); Levine v. Del Am. Props., Inc., 642 So.2d 32, 34 (Fla. 5th DCA 1994); Arca v. Arca, 606 So.2d 768, 770 (Fla. 2d DCA 1992).
DEFAULT FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE VACATED; REVERSED AND REMANDED.
BERGER and EDWARDS, JJ., concur. ■

. Based on the husband’s failure to provide mandatory disclosure and comply with the court’s orders, the trial court could preclude the husband from calling any witnesses other than himself and place restrictions on the husband’s ability to present documents and/or other exhibits.