# Third District Court of Appeal

## State of Florida

Opinion filed November 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D17-575 and 3D17-433
Lower Tribunal No. 16-27643

_____

**Florida Recovery Adjusters, LLC and Oscar Valdes,**
Appellants,

vs.

**Pretium Homes, LLC,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Roniel Rodriguez, IV, for appellants.

The Barthet Firm, Paul D. Breitner and Jessica A. Goldfarb, for appellee.

Before FERNANDEZ, LUCK and LINDSEY, JJ.

FERNANDEZ, J.

In these consolidated appeals, defendants, Florida Recovery Adjusters, LLC

(FRA) and Oscar Valdes (Valdes) (collectively, the appellants) appeal two final

default judgments entered ex-parte by the trial court against them and in favor of plaintiff, Pretium Homes, LLC (Pretium). We affirm the March 17, 2017 ex parte Final Default Judgment in Garnishment as to Chase Bank. With regard to the January 25, 2017 ex parte Final Default Judgment, we affirm its entry as to the breach of contract count and the unjust enrichment count. However, we reverse that portion of the judgment as to the civil theft count because we find that the trial court abused its discretion in awarding unliquidated treble damages to Pretium based on Pretium's erroneously alleged civil theft claim and remand the case for a trial on damages solely as to Pretium's surviving counts.

Pretium, a Florida limited liability company, entered into a contract for insurance with a non-party insurance agency, National Real Estate Group (National), which provides its services through a third-party, Affinity Loss Management Services (Affinity). On December 15, 2015, after suffering water damage to its property, Pretium entered into an insurance adjustment agreement (Agreement) with FRA, a Florida limited liability company, through its agent, Valdes. Pursuant to the Agreement, FRA was to provide services related to the insurance adjustment for Pretium's loss. The Agreement contained the following clauses: (1) an assignment clause that reserved "20% of the initial amount recovered" to FRA; (2) a payment clause where Pretium agreed to instruct National to name "Florida Recovery Adjusters as a payee of all insurance

2

settlement proceeds"; and (3) an attorneys' fees clause that entitled the prevailing party "to recover its court costs and reasonable attorney's fees, including fees and costs in all appellate or bankruptcy [sic]."

Thereafter, FRA submitted a claim on behalf of Pretium that was approved and settled for $21,265.55. On May 25, 2016, Affinity issued a check for $18,000.00, that was payable to "Pretium Homes/Florida Recovery Adjusters" and delivered it to FRA. Upon receipt of the payment from Affinity on June 9, 2016, FRA deposited the check to its account but did not return the remaining balance to Pretium. Subsequently, based on section 772.11(1), Florida Statutes (2014), Pretium alleged a civil theft claim and made three written demands that requested treble damages in the amount of $54,000.00 – three times the check amount of $18,000.00 that was deposited into FRA's account – plus attorneys' fees. FRA and Valdes did not reply.

Pretium sued FRA and Valdes for (1) civil theft, (2) breach of contract (only against FRA), and (3) unjust enrichment on October 25, 2016, and personally served them on December 8, 2016. On December 29, 2016, Pretium moved for entry of default against the appellants as a result of their failure to respond to the summons or otherwise defend the case. The trial court entered an order of default on January 18, 2017. Thereafter, on January 25, 2017, the trial court entered its Final Default Judgment based on Pretium's ex-parte motion and supporting

3

affidavits. The trial court accepted Pretium's affidavits for (1) interest calculations on the alleged principal liquidated balance of $18,000.00, (2) claim demonstration, (3) attorneys' fees and costs, and (4) reasonable attorneys' fees, and subsequently awarded the treble damages amount of $54,000.00 and the accrued interest amount of $548.80 plus attorneys' fees, as pled by Pretium. On January 26, 2017, Pretium served copies of the trial court's Final Default Judgment to the appellants. The appellants did not respond. On February 7, 2017, the trial court issued a Writ of Garnishment (Writ) against the appellants' bank, Chase Bank, as requested by Pretium. The Writ was served on Chase Bank the following day, and the appellants were served with copies of the Writ on February 10, 2017.

The appellants claimed that they became aware of the suit upon the garnishment of their accounts on February 10, 2017, and thus, they appeared in the proceedings for the first time by filing several emergency motions on February 14, 2017, specifically: (1) Verified Motion to Set Aside Default and Verified Motion to Vacate Default Final Judgment Dated January 25, 2017, (2) Supplemental Response to Motion to Vacate; and (3) Verified Emergency Motion to Dissolve Writ of Garnishment. The trial court deferred ruling on emergency motions (1) and (2) pending an evidentiary hearing, but denied emergency motion (3). The appellants then appealed to this Court the trial court's Final Default Judgment.

4

On February 17, 2017, Chase Bank filed its Answer to Writ of Garnishment (Answer) and confirmed its possession of the appellants' assets. Pretium served copies of the Answer to the appellants and provided notice that a motion to dissolve or object must be filed within 20 days. The appellants, however, did not take any action. On March 14, 2017, the trial court issued the second final default judgment as requested by Pretium's proposed ex-parte Final Judgment in Garnishment as to Chase Bank because the appellants failed to respond within the deadline. The appellants also appealed to this Court the trial court's Final Default Judgment in Garnishment.

On appeal, the appellants claim that the January 25, 2017 Final Default Judgment is defective and void as a matter of law because it improperly awards unliquidated damages and attorneys' fees. The appellants claim that the damages award is predicated on a facially deficient statutory notice demanding unliquidated damages in addition to the statutory damages. Also, the appellants appeal the March 14, 2017 Final Default Judgment, claiming that the trial court violated their due process rights by withholding their opportunity to defend. We review the appeal of a trial court's final default judgment under a gross abuse of discretion standard. Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So. 2d 662, 665 (Fla. 3d DCA 2007). First, we affirm the trial court's January 25, 2017 ex parte Final Default Judgment as to the breach of contract claim against FRA and the unjust

enrichment claim against FRA and Valdes. This default final judgment was correctly entered due to appellants' failure to timely respond to Pretium's complaint. See Rule 1.500(a), Fla. R. Civ. P. We also affirm the March 17, 2017 Final Default Judgment in garnishment as to Chase Bank, correctly entered on Pretium's motion for garnishment after final judgment. See § 77.01, Fla. Stat. (2017).

Turning next to Pretium's civil theft count against the appellants, pursuant to Florida Statute section 812.014(1), a theft is committed when a non-owner "knowingly obtains or uses, or endeavors to obtain or to use, the property of another." Pretium's civil theft allegation thus fails under the plain language of the Agreement that Pretium agreed to "irrevocably and unconditionally assign" its funds to the appellants and instruct National "to make payment directly to Florida Recovery Adjusters for the full amount due to Florida Recovery Adjusters." Because FRA was named as a valid payee of the check, the appellants did not obtain or use the property of another, but of their own. The appellants had the right to deposit the check that named FRA as a co-payee with Pretium.

In addition, the Florida Civil Theft Statute, section 772.11(1), Florida Statutes (2014), provides that the person claiming a civil theft claim "must make a written demand for $200 or the treble damage amount of the person liable for damages." Here, Pretium mailed three demand letters to the appellants; however, it

6

failed to meet the statutory requirement. Pretium's demand letters were facially deficient because they requested more than the maximum treble damages amount of $43,200.00, three times the recovered amount after the 20% assignment, plus attorneys' fees. Taking every allegation in the complaint as true, Pretium would never have been entitled to the treble damages amount of $54,000.00 liquidated in the ex-parte default judgment. Thus, Pretium's civil theft allegation claiming that the appellants stole Pretium's property and interfered with its right to property fails because Pretium waived its exclusive rights to the check by entering into the Agreement.

Furthermore, we agree with the appellants' claim that Pretium's complaint was not well-pleaded. The Agreement, which was submitted by Pretium with the complaint, negated its civil theft allegation. In addition to Pretium's failure to comply with sections 772.11(1) and 812.014(1), Pretium's complaint directly contradicted the Agreement's assignment clause by indicating an incorrect amount as its statutory damages. The complaint stated the total recovered amount of $18,000.00 as the basis for its treble damages; however, such amount is wrong under the Agreement. Furthermore, the record's clear indication of Pretium's endorsement of the check over to FRA conflicts with the allegation that the appellants stole the funds.

Florida Rule of Civil Procedure 1.130(b) provides that "any exhibit attached to a pleading shall be considered a part thereof for all purposes." Any exhibits attached to a complaint are controlling when there is a conflict between the complaint and the exhibits. Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d 490, 494 (Fla. 3d DCA 1994). Accordingly, we evaluate the inconsistency between Pretium's civil theft allegation and the accompanying exhibits by focusing on the latter. Upon such review, the civil theft claim is insufficient because it failed to properly incorporate the Agreement, and the exhibit of the deposited check demonstrates that Pretium relayed the check over to FRA through its endorsement. Thus, the contractual dispute, not an act of theft, gave rise to the claim. See Walker III v. Figarola, 50 So. 3d 188, 190 (Fla. 3d DCA 2011).

The trial court's award of treble damages is void because this is not a prima facie civil theft case. Because Pretium's statutory claim for civil theft was invalid, the trial court's award of treble damages was not supported by competent substantial evidence.

In sum, the trial court abused its discretion in granting unliquidated treble damages on an erroneously alleged civil theft claim. We thus vacate that portion of the January 25, 2017 Final Default Judgment that awards damages based on the invalid civil theft claim, as well as costs and fees that flowed from that claim, and remand for further proceedings on damages arising only from the properly pled

claims for breach of contract and unjust enrichment.  We affirm the January 25, 2017 ex parte Final Default Judgment as to the breach of contract and unjust enrichment claims, and we affirm the March 14, 2017 ex parte Final Default Judgment.

Affirmed in part; reversed in part; remanded for further proceedings consistent with this opinion.