# Third District Court of Appeal

## State of Florida

Opinion filed February 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0596
Lower Tribunal No. 19-1048-K

_____

**Kevin Christopher Corridon,**
Appellant,

vs.

**Grace-Elizabeth Carolyn Corridon,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Bonnie J. Helms, Judge.

Popovich Law Firm, P.A., and Nikie Popovich (Orlando), for appellant.

Sheri Smallwood, Chartered, and Sheri Smallwood, for appellee.

Before LOGUE, HENDON, and BOKOR, JJ.

LOGUE, J.

Kevin Corridon ("former husband") appeals from the trial court's entry of a default final judgment dissolving his marriage to Grace-Elizabeth Corridon ("former wife") in which the court awarded sole custody of their child to the former wife. The former husband asserts the trial court erred by: (1) entering the default final judgment because it lacked personal jurisdiction over him as valid proof of service had not yet been presented to the court; (2) relying upon a defective return of service form as proof of service; and (3) failing to adjudicate past and present child support.

We find that the trial court did not abuse its discretion in its exercise of jurisdiction and therefore affirm the default final judgment. However, we sua sponte reverse the trial court's child custody ruling because it is generally improper in a dissolution of marriage action for the court to determine issues regarding the care and custody of a minor child by the entry of default against one parent. As we find reversal necessary on the child custody determination, we remand for further proceedings and need not address the issue of child support.

**BACKGROUND**

The parties married on October 1, 2015 and have a five-year-old child. The couple later separated in March 2017. In December 2019, the former wife filed a petition for dissolution of marriage with minor child. At the time of

filing, the former wife was living in Key West. The former husband was living in Illinois. The parties' minor child was residing with the former husband's family in Florida.

The record shows that the former husband was personally served in Illinois on January 15, 2020 by a McLean County Sheriff's deputy. The return of service form submitted by the former wife lists the date, location, and manner of service. The return does not list the time of day that service was effected. The former husband made no appearance to contest the dissolution proceeding.

A hearing was held before a special magistrate and attended by the former wife, appearing pro se, on February 21, 2020. The magistrate recommended granting the former wife's petition, awarding her sole parental responsibility with full decision-making authority over the parties' minor child, and reserving jurisdiction to determine child support.

Subsequently, on February 27, 2020, a default final judgment was entered by the trial court dissolving the parties' marriage, awarding sole parental responsibility of the minor child to the former wife, reserving jurisdiction to determine child support, and incorporating a marital settlement agreement and parenting plan prepared and signed by the former wife. The former husband's appeal followed.

**ANALYSIS**

Generally, we review a trial court's entry of final default judgment for a gross abuse of discretion. Fla. Recovery Adjusters, LLC v. Pretium Homes, LLC, 261 So. 3d 664, 667 (Fla. 3d DCA 2018). However, when the challenge is to the trial court's exercise of personal jurisdiction, we review the issue de novo. Alobaid v. Khan, 306 So. 3d 159, 162 (Fla. 3d DCA 2020).

The former husband challenges the trial court's exercise of personal jurisdiction by asserting that the return of service form was defective for failing to list the time of day that service was effected. We note the recent change to section 48.194, Florida Statutes, which was in effect before service on the former husband occurred. The amended statute removes the requirement that out of state return of service forms include the "time, manner, and place of service" and allows a trial court to "consider the return-of-service form described in [section] 48.21, or any other competent evidence in determining whether service has been properly made." § 48.194(1), Fla. Stat. (2020). The plain meaning of the amended statute removes the time of day requirement for out of state return of service forms and allows the trial court to consider any competent evidence to prove service was proper.

4

The former husband has not shown that the trial court committed error in its exercise of personal jurisdiction over him. "The decision of the trial court comes to this court clothed in a presumption of correctness, and the burden is on the appellant to demonstrate reversible error." Chirino v. Chirino, 710 So. 2d 696, 697 (Fla. 2d DCA 1998). Because the record contains no transcript of the hearing before the magistrate, and therefore no indication that the return of service form, or any other competent evidence, was not before the trial court at that time, "[w]e are compelled to affirm because, in the absence of a transcript, we are unable to determine conclusively that an error was made." Id.

The record shows that the former husband was served on January 15, 2020. Despite the clerk's failure to stamp the return until March 3, 2020, there is nothing in the record that would suggest that competent evidence of service was not before the magistrate on February 21, 2020, or before the trial court when it entered its default judgment on February 27, 2020. The former husband has not cited and our review has not found any authority that would require reversal for the clerk's failure to properly date the return.

We are compelled, however, to address and reverse the portion of the default judgment awarding child custody to the former wife. Though the former husband "has not asserted this specific argument on appeal, the

5

importance of courts' responsibilities to safeguard the best interests of children compels us to address it sua sponte." <u>Shewmaker v. Shewmaker</u>, 283 So. 3d 894, 896 (Fla. 2d DCA 2019).

"[I]t is well-settled in Florida that where, as here, a divorcing couple has a minor child, a court cannot enter a default final judgment without allowing the defaulting parent an opportunity to present evidence on issues related to the child . . ." <u>Id.</u> at 895. This is because "the 'best interest of the child' standard precludes a determination of child custody based on a parent's default." <u>Armstrong v. Panzarino</u>, 812 So. 2d 512, 514 (Fla. 4th DCA 2002); <u>see also</u> <u>Leslie v. Gray-Leslie</u>, 187 So. 3d 380, 381 (Fla. 5th DCA 2016) ("[I]t is generally improper in a dissolution of marriage action to determine issues regarding the care and custody of minor children by entry of a default because the best interests of the children are the paramount consideration.").

Accordingly, we reverse the portion of the default final judgment awarding child custody and remand to the trial court to reassess this determination considering the best interest of the child. The default judgment is affirmed in all other respects.

Affirmed in part, reversed in part, and remanded for further proceedings.

6