# Supreme Court of Florida

————

No. SC21-966

————

## IN RE: AMENDMENTS TO FLORIDA FAMILY LAW RULE OF PROCEDURE 12.510.

February 10, 2022

PER CURIAM.

In July 2021, the Court amended Florida Family Law Rule of Procedure 12.510 (Summary Judgment) to "incorporate into the family law rules our recent changes to Florida Rule of Civil Procedure 1.510 (Summary Judgment)." *In re Amends. to Fla. Fam. L. Rule of Proc. 12.510*, 321 So. 3d 692, 692 (Fla. 2021). We had amended rule 1.510 to adopt almost all the text of Federal Rule of Civil Procedure 56 and to align Florida's summary judgment standard with the federal standard. *See In re Amends. to Fla. Rule of Civil Proc. 1.510*, 317 So. 3d 72 (Fla. 2021).

The amendments to rule 12.510 became effective immediately; however, because they were not published for comment before being adopted, interested persons were invited to file comments with the

Court.  Both The Florida Bar's Family Law Section and The Florida Bar's Family Law Rules Committee (Committee) filed comments, and the Committee appeared at the subsequent oral argument.

Having considered the comments and oral argument, we now further amend rule 12.510.[1]  First, we amend subdivision (a) (Motion for Summary Judgment or Partial Summary Judgment) to require a detailed explanation for pro se parties of the need to respond to a summary judgment motion.  Next, we amend subdivision (b) (Time to File) to provide that no motion for summary judgment may be filed while the movant's responses to mandatory disclosures are pending.

Accordingly, the Florida Family Law Rules of Procedure are amended as reflected in the appendix to this opinion.  New language is indicated by underscoring.  The amendments shall become effective immediately upon the issuance of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
LABARGA, J., dissents with an opinion.

---

1. We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LABARGA, J., dissenting.

In late 2020, the majority, on its own motion, amended Florida Rule of Civil Procedure 1.510 to align Florida's summary judgment standard in civil cases with the federal standard. *See In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 309 So. 3d 192 (Fla. 2020). Later, in *In re Amendments to Florida Family Law Rule of Procedure 12.510*, 321 So. 3d 692, 692 (Fla. 2021), the majority, on its own motion, similarly aligned Florida's family law summary judgment standard with the federal standard. Because the amendment was not published previously, interested persons were invited to file comments after the opinion's release. Two comments were filed, one from the Family Law Section of The Florida Bar supporting the amendment, and another from the Family Law Rules Committee of The Florida Bar opposing it.

Today, after due consideration of the comments received and the arguments presented during oral argument on December 7, 2021, the majority amends Florida Family Law Rule of Procedure

12.510 to align Florida's summary judgment standard in family law cases with the federal standard. I respectfully dissent.

I agree with the comment submitted in opposition by the Family Law Rules Committee of The Florida Bar (Committee), which appropriately emphasizes the unique context of family law cases. Because of this unique context, and the carefully crafted procedural and statutory requirements that apply to it, the federal summary judgment standard is not a good fit.

Particularly noteworthy is the impractical burden of the twenty-day summary judgment standard on the process of discovery in family law cases. Under rule 12.285(f), Florida Family Law Rules of Procedure, parties have a continuing duty of disclosure: "Parties have a continuing duty to supplement documents described in this rule, including financial affidavits, whenever a material change in their financial status occurs." While it is true that this twenty-day standard was a part of the prior rule, as noted during oral argument by counsel for the Committee, that standard is rarely used by family law practitioners because the continuing duty to supplement discovery imposed by family law rule 12.285(f) renders the procedure unworkable. Fla. Sup. Ct. Gavel to

- 4 -

Gavel Video Portal, *In re Amends. to Fam. Law Rule of Proc. 12.510*, at 20:52 (Dec. 7, 2021), https://wfsu.org/gavel2gavel/viewcase.php?eid=2784.

In fact, the inclusion of the new language in rule 12.510(b)—prohibiting the filing of motions for summary judgment while a movant's mandatory disclosures are pending—only serves to demonstrate the ineffectiveness of the twenty-day standard. The purpose of a motion for summary judgment is, where appropriate, to facilitate the prompt resolution of issues. However, that goal is largely unattainable in family law cases because of the ongoing nature of discovery. In these cases, discovery frequently continues up to the point of (and sometimes during) trial. The utility of summary judgment is minimized where—as is often true in family law cases—changing circumstances necessitate a prolonged period of discovery. Thus, today's adoption of the federal standard reaffirms a procedural burden that has not proven itself effective and that demonstrates the poor fit between summary judgment and the practice of family law.

Moreover, of great concern is the sensitive question of child custody. As noted by the Committee in its comment, "[t]he possible

penalties for failing to respond to a motion for summary judgment are akin to the entry of a default judgment. However, adjudication on the merits is favored in family law, especially as it relates to children's issues." Comments of the Family Law Rules Committee at 4. The Committee added:

> This is because it has been held that "the 'best interest of the child' standard precludes a determination of child custody based on a parent's default." *Armstrong v. Panzarino*, 812 So. 2d 512, 514 (Fla. 4th DCA 2002); *see also Leslie v. Gray-Leslie*, 187 So. 3d 380, 381 (Fla. 5th DCA 2016) ("[I]t is generally improper in a dissolution of marriage action to determine issues regarding the care and custody of minor children by entry of a default because the best interests of the children are the paramount consideration."). Given that adjudication on the merits is favored, the Committee is not in favor of creating another venue by which the equivalent of a default may be entered, especially because the summary judgment rule would require a particularized response.

*Id.*

Thus, the federal standard adopted by the majority will be in tension with Florida's well-settled "best interests of the child" standard, which requires substantial factual findings and weighing of statutory factors and precludes a determination of child custody based on a parent's default. This tension with well-established

- 6 -

Florida child custody law should, on its own, be a sufficient reason to reject the federal standard in family cases.

These concerns are exacerbated by the disproportionate number of pro se parties involved in family law cases, particularly in child custody matters. It is not unusual for family law judges to preside over cases with emotionally charged issues such as child support, visitation, alimony, division of matrimonial assets and liabilities, and many other issues with complications unique to family divisions, where one side is represented by counsel while the other side is not. As aptly observed by the Committee:

> It is a constant challenge for individual judges and the judicial system to ensure that *pro se* parties are afforded reasonable latitude in presenting their cases while still obligating them to the same rules applicable to represented parties. The rule, as drafted, imposes complex burdens and furthers the divide between *pro se* parties and represented parties as it relates to access to justice and adjudication of issues on the merits. This potential inequity is exacerbated by perceived ambiguity within the amended rule.

*Id.*

Given the complex burdens the adopted federal standard will impose, it is doubtful that even a well-intentioned warning will be of assistance.

For these reasons, I dissent to the majority's decision to apply the federal summary judgment standard in family law cases.

However, given the fact that the majority has adopted the federal standard, I support the alternative amendments to rule 12.510 proposed by the Committee in its comment. *Id.* at 5-10.

Original Proceeding – Florida Family Law Rules of Procedure

Heather L. Apicella, Chair, Family Law Section of The Florida Bar, Boca Raton, Florida, Kristin R.H. Kirkner, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Tampa, Florida, and Jack A. Moring, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Crystal River, Florida, Ashley Elizabeth Taylor, Chair, Family Law Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

Responding with comments

# APPENDIX

## Rule 12.510 Summary Judgment

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court shall state on the record the reasons for granting or denying the motion. The summary judgment standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard.

A motion for summary judgment and the notice setting hearing must contain the following statement in all capital letters and in the same size type, or larger, as the type the remainder of the motion:

A RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT MUST BE MADE IN WRITING, FILED WITH THE COURT, AND SERVED ON THE OTHER PARTY NO LESS THAN TWENTY DAYS PRIOR TO THE HEARING DATE. YOUR RESPONSE MUST INCLUDE YOUR SUPPORTING FACTUAL POSITION. IF YOU FAIL TO RESPOND, THE COURT MAY ENTER ORDERS GRANTING THE SUMMARY JUDGMENT OR FINDING FACTS TO BE UNDISPUTED.

**(b) Time to File a Motion.** A party may move for summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. However, no motion for summary judgment may be filed while the movant's responses to mandatory disclosures are pending. The movant must serve the motion for summary judgment at least 40 days before the time fixed for the hearing.

**(c) – (h) [No Change]**

**Commentary**

**[No Change]**